### HOMER D. CAMP v. N. F. AVERILL.

*Evidence. Deposition. Note. Expert, Deposition of.*

1. The deposition of an *expert* may be taken and used as evidence on trial.
2. Neither party has a right to have the inadmissible testimony in a deposition submitted to the jury.
3. After the inadmissible portion of the deposition had been obliterated, the jury were properly allowed to take the deposition with them when they made up their verdict.
4. It appeared by the note that five persons had signed it; an action was brought against the defendant alone; and his defence was forgery. *Held*, that evidence was inadmissible to prove that the names of three of the other signers were forgeries; that the only issue was the genuineness of the *defendant's* signature.
5. The plaintiff and defendant contradicted each other as to whether the former told the latter that one of the other signers of the note denied signing it. The testimony of such signer that he did deny to the plaintiff signing it was inadmissible; for, if he had denied it, that would have no tendency to prove that the plaintiff *had told the defendant that he had.*

TRIAL by jury, Septemher Term, 1880, Washington County, REDFIELD, J., presiding.

Action, general and special assumpsit, on promissory note. Plea, general issue and notice ; and verdict and judgment for the plaintiff. The note was given to the plaintiff and signed by E. O. Leonard, C. C. Leonard, J. S. Collins, H. C. Leonard and N. F. Averill, "surety." Suit was brought against Averill alone.

On trial it appeared that the plaintiff, previous to the 31st day of August, 1877, held E. O. Leonard's note for the sum of five hundred dollars ; that plaintiff requested said E. O. Leonard to pay the said note ; that plaintiff finally informed him that if he would pay $100 on the note the $400 balance might remain outstanding, provided Leonard would take up the old note and give plaintiff a new one for $400 with good sureties ; and Averill's name was mentioned as one that would be acceptable ; that Leonard did pay the $100, and brought the note in suit to the plaintiff which was exchanged for the old one. The plaintiff did not see either of the signers affix their names to the note.

On the night of March 6th, 1878, E. O. Leonard absconded, and it is not known that he has since been in the State. On the 7th of March, 1878, plaintiff came from Orange, where he resided, to Barre, and there learned that E. O. Leonard had run away. The defendant, on opening his defence, offered to show by C. C. Leonard, J. S. Collins and H. C. Leonard, that their names on said note were forgeries, and that they never knew of the existence of said note until after E. O. Leonard ran away. To this the plaintiff objected, and the court excluded their testimony, and defendant excepted. Defendant testified that he never signed the note, and never saw it or knew of its existence until the 7th day of March, 1878.

*W. A. & O. B. Boyce,* for the defendant.

The deposition of an expert ought not to be allowed. 14 Mich. 287 ; 41 Mich. 709. Defendant had a right to attack any part of the note affected with fraud or forgery ; and he should have been permitted to show by the witnesses offered, that their names on the note were forged, as evidence tending to show that defend-

ant's name was also forged, and the same should, under proper instruction from the court, have been submitted to the jury for their consideration. *Baird et al.* v. *Jackson*, 98 Ill. 78. If the note in suit was forged, it could not operate as payment of the old note. 31 Vt. 516. There was error in excluding the testimony of H. C. Leonard. 51 Vt. 577 ; 46 Wis. 290 ; 39 Cal. 449.

*Heath & Carleton* and *J. W. Rowell*, for the plaintiff.

The testimony of H. C. Leonard was properly excluded. 30 Vt. 29.

The issue, and the only issue, was, whether defendant signed the note in suit. The fact that defendant gave notice that he would give evidence tending to prove the signatures of C. C. Leonard, J. S. Collins, and H. C. Leonard to be forgeries, did not enlarge the issue, as that, in no event, could be legitimate matter of pleading, but, at most, mere matter of evidence on the question of whether defendant signed the note ; and the question on this point of the case is, was it legitimate evidence for that purpose ? We say not. It was collateral matter, incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute. The admission of the evidence would have introduced three more separate and distinct issues for determination, and greatly tended to draw away the minds of the jurors from the point in issue, and to excite prejudice, and mislead them.

The defendant does not complain that he signed the note in faith of said signatures being genuine, but says that he never signed it at all. He may have signed it although the others did not; and to show that the others did not, has no tendency to show that he did not. The plaintiff could not have shown that the others did sign, as evidence tending to show that defendant also signed. No more can the opposite be shown for a contrary purpose.

Evidence of other facts or transactions of a similar character is never admissible except to show guilty knowledge or criminal intent; nor is evidence of other facts and matters connected with the same transaction admissible unless it bears upon the point at

issue. *Keith* v. *Taylor*, 3 Vt. 153 ; *Griffiths* v. *Payne*, 11 Ad. & E. (39 E. C. L.) 131.

The opinion of the court was delivered by

Ross, J.    I.    The deposition of Albert S. Southworth was properly admitted.    The law allows the taking of the deposition of a witness called as an expert, for the same causes and under the same circumstances, that it allows the taking of the deposition of any other witness.    The statute in this respect, makes no distinction between witnesses called to testify as experts and other witnesses.    R. L. s. 1019.

II.    No exception was taken to granting leave to the plaintiff to omit reading a part of the deposition.    Hence, whatever the right of a party against whom a deposition is read, to have the whole deposition read, if any of it is, there was no error in the action of the court in this respect.    It is not true that either party has the right to have immaterial, or inadmissible, matter read, because it has been inserted into a deposition at the instance of the other party.    The omitted part of Southworth's deposition related to matter immaterial to, and outside the issue on trial, and for that reason, if admitted, and read, at the solicitation of the defendant, would not have laid the foundation for contradicting or impeaching the witness.    No rule is better established, than that a witness can only be contradicted, or impeached, upon a subject-matter material to the issue on trial.

III.    The court properly excluded evidence offered to show that the signatures of C. C. Leonard, J. S. Collins and H. C. Leonard upon the note were forgeries.    The genuineness of these signatures was not involved in the issue on trial.    That issue involved only the genuineness of the signature of the defendant upon the note.    There was no offer to connect the former signatures with the latter, as by showing that they were written by the same hand, or at the same time, or with the same pen and ink, by, at, or with which the signature of the defendant was written. The offer included the trial of issues, independent of, and not

connected with, nor a part of, the issue on trial, and was properly rejected. This holding rendered the reserved portion of South-worth's deposition inadmissible also, if offered by the plaintiff in rebuttal.

IV. After the inadmissible portion of Southworth's deposition was effectually obliterated, there could be no more objection to allowing it to go to the jury, than to allowing any deposition to go to the jury. It has been the almost universal practice, unless there was some rule of court prohibiting it, to allow the jury to take the depositions used on the trial, with the other papers in the case, when they retire to make up their verdict. There was no error in the action of the County Court in this respect.

V. The parties were at issue in their evidence as to what took place between them March 7th, or shortly. thereafter. " The plaintiff testified that he did not see H. C. Leonard March 7th, and did not tell the defendant that Leonard denied signing the note." The defendant testified that the plaintiff told him that he saw H. C. Leonard on that day, and that he denied signing the note. The defendant to support his side of the issue offered to show by H. C. Leonard that the plaintiff did see him March 7, and that he asked him about the note, and he, Leonard, denied signing it. The court allowed him to testify that the plaintiff did see him March 7. This was proper, as it contradicted the plain-tiff's testimony and tended to impeach him. But the court ex-cluded the remaining part of the offered testimony, and we think correctly. The fact that the plaintiff asked Leonard, on that occasion, about the note, and he denied signing it, had no legiti-mate tendency to show that the plaintiff told the defendant so. It would have been legitimate upon this issue in the evidence, for the plaintiff to have established that he did not ask Leonard about . the note, and Leonard did not deny signing it; inasmuch as, it would be improbable that the plaintiff would tell the defendant, what he did not know, and what, in fact, did not exist. But there is no legitimate probability that a witness communicates to another a fact, simply because that fact is known to him. While, if truth-

Camp *v.* Averill.

ful, he cannot communicate what he does not know, he may, or may not, communicate what he does know; but the probability that he did communicate a fact simply because he knew it, is too speculative and remote to have a place, as legitimate evidence, in a jury trial. This disposes of all the exceptions brought to our attention by the defendant. The result is, that we find no error in the proceedings and judgment of the County Court, and that judgment is affirmed.