### W. T. RAWLEIGH CO. *v.* PETERS

1. GUARANTY—EVIDENCE—FORGERY—INTENT.

    In an action against a surety for the breach of a contract of guaranty, where the defense was forgery, and the sole question on the record was as to whether or not defendant signed the guaranty, evidence that the name of another surety was also forged was properly excluded; there being no question of intent involved.[1]

2. FORGERY—CRIMINAL LAW—INTENT.

    In a criminal case involving forgery, the question is the guilt or innocence of the accused, and the "very essence of the offense" is the intent to defraud, and it is this element that makes admissible other relevant acts, other relevant forgeries, of the accused, to show intent.[2]

Error to Berrien; White (Charles E.), J. Submitted January 5, 1926. (Docket No. 8.) Decided March 20, 1926.

Assumpsit by the W. T. Rawleigh Company against August W. H. Peters, principal, and John Juergens and

[1]Guaranty, 28 C. J. § 198; [2]Forgery, 26 C. J. §§ 17, 128.

another, sureties, for breach of a contract of guaranty. Judgment for plaintiff. Defendant Juergens brings error. Affirmed.

*George B. Gould* (*W. J. Barnard*, of counsel), for appellant.

*Stratton & Evans*, for appellee.

CLARK, J.   The case as tried and submitted to a jury may be said to be that plaintiff brought suit against defendants Juergens and Bailey as guarantors of a debt of defendant Peters.   Bailey was not served. Juergens alone defended.   With his plea of the general issue, he denied on oath that he had signed the guaranty.   He had evidence to the effect that his name thereon had been forged.   He offered evidence that Bailey's name also had been forged, which evidence was excluded.   Plaintiff had verdict and judgment. Defendant Juergens' assignments of error present one meritorious question, that the court erred in excluding said evidence.

Whether one, sued upon an instrument and defending on the ground that his name thereon has been forged, may, to substantiate his claim, adduce evidence that the name of another on the same instrument, or on an instrument forming a part of the same transaction, likewise has been forged, is a question on which the authorities are divided.   *Altman* v. *Ozdoba*, 237 N. Y. 218 (142 N. E. 591, 33 A. L. R. 422), supports defendant's contention.   *Gellatly* v. *Jones*, 13 Sc. Sess. Cas. (2d Ser.) 961, is to the same effect.

In *Camp* v. *Averill*, 54 Vt. 320, it was held, quoting syllabus:

"It appeared by the note that five persons had signed it; an action was brought against the defendant alone; and his defense was forgery.   *Held*, that evidence was

inadmissible to prove that the names of three of the other signers were forgeries; that the only issue was the genuineness of the defendant's signature."

This accords with the holding in *Pearson* v. *Hardin,* 95 Mich. 360.     There defendant testified that at the same time and for the same person, one Sanborn, he had indorsed three notes, each for the sum of $500. Sued on one of the notes, his defense was that it had been raised in amount from $500 to $3,500, and, we quote from the opinion:

"His (defendant's) counsel sought to show that the other two notes were raised to $3,500 and $4,500, respectively, but the testimony was excluded.     This testimony was not admissible.     The only argument that can be made in favor of its admission is that, if Sanborn altered the other two, he probably altered the note in suit.     In other words, a forgery was to be proven by other forgeries."

The court did not regard the facts there before it as requiring an exception to the general rule that on the issue of forgery evidence of other independent forgeries is not admissible.     See note 33 A. L. R. 427, where the authorities are fully reviewed.

The *Altman Case* proceeds upon the theory that forgery in a civil case and forgery in a criminal case are to be established by the same kind of evidence and under the same rules of evidence.     In a criminal case the question is the guilt or innocence of the accused, and the "very essence of the offense" is the intent to defraud (26 C. J. p. 903), and it is this element that makes admissible other relevant acts, other relevant forgeries, of the accused, to show intent.     In the civil case at bar, the sole question on the record is, not who signed it, but, Did Juergens sign the guaranty?     The issue was made by plaintiff's evidence that the signature is genuine and by Juergens' testimony that he did not sign, supplemented by opinion evidence of the

handwriting. Frequently, the issue is so made under the plea of *non est factum*. On such issue, where is the question of intent? Whose intent? What possible instruction could the court have given the jury in that regard? On that bare issue of fact, no question of intent being involved, defendant would prove, in the abstract, by the evidence offered, one forgery by another forgery. This may not be done.

Defendant was not limited to the single issue of fact here presented. He might have adduced evidence, if he could, to show who in fact had forged his name, or he might have shown, if that were the fact, that some person unknown to him had forged both names, that both names had been written by the same hand. No such evidence was offered. Such evidence, in effect an accusation, would have brought into the case a being capable of intent, whose other acts and forgeries, if relevant on the question of intent, would have been admissible, and to such issue the rule of the *Altman Case* is applicable.

We find no reversible error.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.