[Filed February 11, 1890.]

STATE OF OREGON, RESPONDENT, *v.* JOSEPH GALLO, APPELLANT.

DEFENDANT AS A WITNESS IN A CRIMINAL CASE—HIS CROSS-EXAMINATION—FAILURE OF RECORD TO DISCLOSE ANSWERS.—Where a defendant in a criminal case offers himself as a witness, and the district attorney, on his cross-examination, propounds questions to him to which his counsel except, but the record does not disclose what answers the witness made to the questions;

*Held,* That this court could not say that the defendant was prejudiced by his answers. In such a case the error, if any, is not made to appear, and it will not be presumed.

APPEAL from the circuit court for Multnomah county.

The defendant was indicted for the crime of grand larceny, and convicted by a jury, and by the court sentenced to the penitentiary, from which judgment he has appealed to this court.

There was some conflict in the evidence as to the manner of the commission of the larceny; the prosecuting witness, one Morris Baillon, testifying, in substance, that he met the defendant on the morning of the twenty-seventh day of May, 1889, and went with him to several saloons. That in the third or fourth saloon to which he had gone, he (Baillon) took out of his pocket five $20 bills, and was counting them in the presence of the defendant, when the defendant, taking them, passed them to a third person, who made off with the money. The defendant offered himself as a witness in his own behalf, and testified, in substance, that he and the prosecuting witness, and another, went to several saloons and had several drinks together, and then they went to the third saloon and began to play cards for money. That the defendant wagered $100, and the prosecuting witness $100, and the third party wagered $200 on the result of a game. That the third person held the winning cards and pocketed the stakes, including the $100 of the prosecuting witness. On the cross-examination of the defendant, the district attorney asked him the following questions, which were objected to by defendant's counsel, and exceptions saved: Did you have these papers in your possession? (Showing to the defendant two notes of Confederate currency of the denomination of $100 each, and one bill of the empire of Brazil of the value of 500 quintos.) Did you wager $100 of good money? Is it not a fact that you staked this Confederate money on the result of the game?

The record fails to disclose what answers, if any, the defendant made to any of these questions.

*Gilbert McGinn*, for Appellant.

*Henry E. McGinn, District Attorney*, for the State.

Strahan, J.—The main question sought to be litigated
by the appellant on this appeal is that the trial court per-
mitted the district attorney to propound to him the forego-
ing questions on his cross-examination, and that they
related to matters not testified to by him in chief. I am
inclined to think that these questions do not fall within
the objections successfully urged in *State* v. *Lurch,* 12 Or.
102, and *State* v. *Saunders,* 14 Or. 302. The defendant had
testified that he wagered $100 at the game. Whether he
did so was a question for the jury, and if by his cross-
examination the State could make it appear that what he
did in fact wager was of no value it would tend to contra-
dict him, and I think would be legitimate cross-examina-
tion. But however this may be, the state of this record
renders the consideration of that question immaterial in
this case. The record is silent as to what answers, if
any, the defendant made to those questions. In such case
I do not think we can infer that he answered the ques-
tions, or that he was prejudiced by his answers. We have
held several times, where the trial court refused to allow
a witness to answer, and the record failed to disclose what
answers the witness was expected to give, that no ques-
tion was presented for review in this court. *Kelly* v. *High-
field,* 16 Or. 277; *Tucker* v. *Constable,* 16 Or. 409. And for
the like reason I think where it is claimed that the court
improperly required a witness to answer a question, before
we could be called on to review that ruling the substance
of the answer ought to appear in the record, so that we
might be able to determine whether the appellant was preju-
diced by the evidence or not. We cannot presume error.
It must affirmatively appear. (2) What Barry testified
to was properly in rebuttal of the defendant's evidence in
chief. It was a circumstance somewhat remote, it is true,
but its tendency was to connect the defendant with the
Confederate currency and the Brazilian note at the very
time he was claiming to have wagered $100 with the pros-
ecuting witness. And his concealment of this money was
a fact which the jury might properly consider in connec

tion with the same subject—that is, his betting with the witness. All the facts in connection with this branch of the case were properly for the jury, and are disposed of by the verdict.

There being no error, we cannot do otherwise than affirm the judgment.