[Filed July 2, 1888.]

JOHN A. TUCKER, Respondent, *v.* WILLIAM CONSTABLE ET AL., Appellants.

BILL OF EXCEPTIONS—QUESTION NOT ANSWERED.—To present a question for review in this court, where the question to a witness is not allowed to be answered, the bill of exceptions must show by statement or recital what fact the party offering the testimony expected to elicit by the question.

EVIDENCE—COMPETENCY.—Where it becomes necessary to prove that the defendants had knowledge of a particular fact, proof that such fact was "generally known" is not competent for that purpose.

SECTION 3384 OF THE CODE—"KNOWING."—The word "knowing," as used in this section, does not imply exact knowledge.   It is such information as would lead a prudent man to believe that the fact existed, and if followed by inquiry must bring knowledge of the fact home to him.

NOTICE—KNOWLEDGE.—Information which a prudent man believes, or has reason to believe, to be true, and which if followed by inquiry must lead to knowledge, is equivalent to knowledge.   Where the rights of others are concerned, a man possessed of such information must not shut his eyes.

SECTION 3384 OF THE CODE.—If the animal was not kept for the particular purpose specified in this section, or the defendants did not have notice of such fact, and they found the animal running at large out of the enclosed grounds of the owner or keeper in any of the months specified in section 3383, they had the right to exercise the power conferred by the statute, without first taking the animal to the owner twice.

REMEDIAL STATUTE—CONSTRUCTION.—This being a remedial statute it ought to be liberally construed, for the purpose of remedying the evil against which it is directed, and of accomplishing the intent of the legislature.

APPEAL from Union County.

*Baker, Shelton & Baker,* and *George G. Bingham,* for Respondent.

*T. C. Hyde,* and *R. Eakin & Bro.,* for Appellants.

STRAHAN, J.—At an earlier day in the present term this cause was affirmed without argument, for the reason the appellant failed to appear or file a brief.   On his application a rehear-

ing was allowed, and the case has now been fully argued. The action is for damages for unlawfully gelding a stallion owned by the plaintiff, and it involves the construction of two sections of the Oregon Code.

Section 3383 is as follows:—

"Sec. 3383. It shall and may be lawful for any person to take up and geld, at the risk of the owner, within the months of April, May, June, July, September, and October in any year, any stud-horse, jackass, or mule of the age of eighteen months or upwards that may be found running at large out of the enclosed grounds of the owner or keeper; and if the said animal shall die, the owner shall have no recourse against the person or persons who may have taken up and gelded, or caused to be gelded, the said animal, if the same has been done by a person in the habit of gelding, and the owner shall pay the price of so gelding."

And section 3384 is as follows:—

"Sec. 3384. It shall not be lawful for any person or persons to geld any animal, knowing that such animal is kept, or intended to be kept, for covering mares, and any person so offending shall be liable to the owner for all damages, to be recovered in any court having proper jurisdiction thereof; but if the owner or keeper of the covering animal shall wilfully and negligently suffer said animal to run at large out of the enclosed grounds of said owner or keeper, any person may take the said animal and convey him to his owner or keeper, for which he shall receive two dollars, recoverable before any justice of the peace of the county; for a second offense double the sum, and for a third offense said animal may be taken up and gelded, as is provided in the preceding section of this chapter."

The defendants gelded the plaintiff's horse, and this action is brought to recover damages. The plaintiff by his allegations brings his case within the first clause of section 3384, and alleges that the defendants knew at the time they gelded said horse that he was kept for the purpose specified in the statute. The jury returned a verdict for the plaintiff for sixty-five dollars, for which judgment was entered, and from which this appeal is taken.

1. A number of questions were asked various witnesses by the defendants' counsel, to which objections were interposed by the plaintiff, and sustained by the court, and to which rulings exceptions were taken; but we have several times held that such exceptions presented no questions for review in this court. That in such case, to make the exception available, it was necessary to show by the bill of exceptions what facts were sought to be elicited by the questions, so that the court might judge as to its relevancy and materiality. (*Kelley* v. *Highfield*, 16 Or. 277.)

2. The plaintiff asked the witness John Bates this question: "State if it was not generally known that Mr. Tucker kept his horse as a stallion?" The defendants objected to this question, which objections were overruled and they excepted. The witness then answered: "I think it was generally known. Several persons had used him for that purpose." The object of this testimony evidently was to charge the defendants with knowledge of the purpose for which the plaintiff kept the horse, and if the evidence legally tended to prove that fact, and was competent, then the exception ought not to be sustained. The word "knowing," as used in this statute, does not imply exact knowledge. I think that notice in its legal acceptation is what the statute requires. It is such information as would lead a prudent man to believe that the fact existed, and that if followed by inquiry must bring knowledge of the fact home to him.

It is not necessary that this information should be formally communicated to the party to be affected by it. But if in any way he has become possessed of such information, and it is of such a nature as to induce a prudent man to believe in its truth, he is not at liberty to disregard it, and if he does so he will thereafter act at his peril. In such case, information which a prudent man believes, or has reason to believe, is true, if followed by inquiry must lead to knowledge, is itself equivalent to knowledge. When the rights of others are concerned, a man possessed of such information must not shut his eyes. But the question and answer objected to did tend to elicit such information. Their object was to show that the fact was "generally known"—when or where does not appear—and then to ask

the jury to infer that the defendants had such knowledge. This was entirely too remote. It in no manner brings the matter home to the defendants, and without that, they cannot be affected. Under these sections the defendants might lawfully geld the plaintiff's horse if found running at large outside of the plaintiff's enclosure in any of the months specified in section 3383; and the plaintiff can only make them liable by alleging and proving that the horse was kept by him for the particular purpose specified in the statute, and that they knew it. This is a part of the plaintiff's case. For the purpose of charging the defendants with knowledge, or of such information as is equivalent to it, the plaintiff had the right to prove a full description of the horse, his age, size, color, and appearance, the manner in which he was kept and used by him, or he might prove if he could, actual knowledge of the purpose for which he kept the horse. But the evidence objected to was of neither description, and it is difficult to understand on what principle of the law of evidence it was admitted. The admission of this evidence necessarily left the jury to draw their own inferences from it; but it being incompetent, the jury ought not to have been permitted to consider it for any purpose, and the defendants' objections should have been sustained.

3. An unnecessary number of instructions were asked by the plaintiff and given by the court. To some of these instructions no legal objections could be taken. Others only tended to render the real issue obscure, while some of them were clearly erroneous. Here is one of the latter description : "At the common law no person could wound or castrate a stallion, the property of another, without laying himself liable to answer to the owner in damages. The most he could do would be to expel them from his premises, and use necessary force for that purpose, doing no unnecessary damage. But in this case the defendants may *justify under our statute, but before they can do so, they must bring themselves strictly within the statutory provisions;* that is to say, they must have conveyed the stallion to the plaintiff on two several occasions, unless he was of such a vicious nature that they could not do so."

This instruction does not correctly construe or expound the statute, and is not justified by its terms. The statute itself is a sufficient justification for the castration of any of the animals mentioned therein during any of the months specified, if found at large. This act is alleged to have been done in the month of April, and therefore no justification on the part of the defendants was necessary. The plaintiff accepts this construction of the statute, and by his pleadings and evidence seeks to take his case out of the operation of section 3383 of the Code, and to bring it within the inhibition of section 3384. His complaint would state no cause of action unless he brings his case within this language. The act of gelding the animals of another is lawful under this statute, if done under the circumstances and at a time therein specified. But the fatal vice of this instruction is the attempt to enumerate therein the requirements of the statute, and the omission of the essential part thereof. Under this part of the instruction the defendants would be required to convey the stallion to the plaintiff on "two several occasions, unless he was of such a vicious nature that they could not do so." And this without regard to the defendants' knowledge of the purpose for which the animal was kept, or the fact that he was kept for the particular purpose specified in the statute.

On this branch of the case, the court ought to have told the jury that if the horse was kept by the plaintiff for the purpose specified in the statute, stating it, and the defendants knew it, and such horse was found running at large out of the enclosed grounds of the owner or keeper, and such owner or keeper wilfully and negligently suffered said animal to run at large out of the enclosed grounds of such owner or keeper, the defendants had the right to convey him to his owner and keeper twice, and for the third offense they would have the right to geld such animal. But under the instruction given in every case, whether the offending animal was kept for the purpose mentioned in the statute or not, and without regard to the knowledge of the defendants that he was so kept, he must be conveyed to his owner twice before the nuisance could be abated. If the animal was not kept for the particular purpose specified in

this statute, or the defendants did not have notice of such fact, and they found the animal running at large out of the enclosed grounds of the owner or keeper in any of the months specified, the statute confers the right on them, or any person, to deal with such animal as therein provided. The instruction given by the court is at variance with the views here suggested, and is erroneous.

This statute is a remedial statute and ought not to receive any narrow or technical construction. Its purposes are sufficiently manifest from the language employed, and it is the duty of the court to give them full effect. These purposes are to enable the stock raiser to improve the grades of the classes of stock specified, and to place in his hands under proper conditions the means to enable him to defend his herds from the "scrubs" which infest the range in some parts of the State. There is no hardship in this. Colts are allowed to run at large until they are eighteen months old; after that, if it is desirable to keep them for breeding purposes, the owner can easily place them within his enclosed grounds.

Several other exceptions were taken during the trial, but what has been said will sufficiently indicate our views of the statute under consideration. The previous expression as to the merits of this case was given under the impression that the appellants had abandoned their appeal, and only after a very casual examination of the transcript.

Let the judgment be reversed and the cause remanded for a new trial.