## CHARLES. Q. PRESTON *v.* D. W. BANCROFT.

*Error in admission of testimony cured by subsequent .proceedings. Right of wife to dispose of husband's property for her support.*

1.  When the objection to the admission of testimony is stated to be that another witness cannot legally testify to the same matter, and such other witness does subsequently testify to that matter, any error in the original admission of the testimony is cured.

2.  The defendant claimed to have purchased the cow in dispute from the plaintiff's wife, who, having been abandoned by her husband, had sold the same to defray the necessities of her support. The court charged that if the plaintiff left his family without provision for their support the wife might have sold the cow. But that if the plaintiff did provide for his family, she had no such right. *Held,* that the court should have further instructed the jury that the plaintiff must have made known to the wife the provision which he had made.

Replevin for one cow. Plea, the general issue. Trial by jury at the September Term, 1888, Washington County Court, TYLER, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The defendant claimed that he had bought this cow of the plaintiff's wife, and his evidence tended to show that the plaintiff had, before this purchase from the wife, left his family without any provision for their support, and that the wife had been compelled to sell this cow to maintain herself and children. The evidence of the plaintiff tended to show that he had, before leaving, arranged at several stores to supply his family with necessaries, but there was no evidence that these arrangements were communicated to the wife.

One Winch was permitted, against the exception of the defendant, to testify to certain declarations of the wife relative to the ownership of the cow.

The nature of the exceptions sufficiently appear from the opinion in connection with the above statement.

*Heath & Fay*, for the defendant.

Mrs. Preston was the agent of her husband in the sale of this cow. Her declarations made after the sale were not admissible. Story Agency, ss. 134–137; 1 Greenl. Ev. s. 113; Wharton Agency, s. 162; *C. B. & Q. R. R. Co.* v. *Lee*, 60 Ill. 501; *same* v. *Riddle*, 60 Ill. 534; *Anderson* v. *R. W. & O. R. R. Co.*, 54 N. Y. 334; *Chamberlin* v. *Davis*, 33 N. H. 121; *Tillotson* v. *McCrillis*, 11 Vt. 477; *Barnard* v. *Henry*, 25 Vt. 289; *Underwood* v. *Hart*, 25 Vt. 120; *Hayward Rubber Co.* v. *Dunklee*, 30 Vt. 29; *Austin* v. *Chittenden*, 33 Vt. 553; *Upham & Clay* v. *Wheelock*, 36 Vt. 27; *Mason* v. *Gray*, 36 Vt. 308.

The court should have charged the jury that the plaintiff was bound to communicate to his wife the arrangements which he had made for her support.

*J. P. Lamson*, for the plaintiff.

Mrs. Preston afterwards testified as to these declarations of hers about which Winch was improved. Hence the error in the admission of his testimony was cured. *Thomas* v. *R. R. Co.*, 81 Me. 40.

The opinion of the court was delivered by

TAFT, J. The testimony of Winch as to his conversation with Mrs. Preston was properly admitted. The objection made was that Mrs. Preston could not be called to testify upon the same subject; that if she could they would make no objection. She was subsequently called and testified contradicting Winch. This removed the objection. There was no error.

II. The plaintiff left his family, leaving the cow in question with them. His wife, to obtain means of support, as she claimed, sold it to defendant. The case was tried upon the theory that she had a right to sell it if the plaintiff had left his family without support. Upon this point the court charged as follows, viz. :

Preston *v.* Bancroft.

" When the plaintiff left his wife and children in May, 1885, do you find that he did or did not make provision for their support ? If he did, either by giving his wife permission to call on him for what she required, or, if he made provision by which she might have gone to a store or stores and got what she needed to support herself and children, then she was not justified in selling the cow to raise means for her support. On the other hand, if plaintiff left his family, making no provision for their support, then she had a right to sell the cow for that purpose."

No exception was taken to the charge as above stated, but the defendant excepted for, " That the court should have instructed the jury that the husband should have made known to his wife that he had made provision for her support at the stores." We think this instruction should have been given ; an arrangement for the support of the wife and family, unknown to them, would have been of little avail. The plaintiff should have shown that he had made suitable provision for their support, and that his wife knew it.

*Judgment reversed and cause remanded.*