No. 19,525.

THE AULTMAN & TAYLOR MACHINERY COMPANY, *Appellant*, v. E. SCHIERKOLK, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE—*Engine—Opportunity to Inspect—Fraudulent Representations—Question of Fact.*  One who after·contracting to buy an engine, subject to inspection, examines all of it except the fire-box, and omits to examine that because he could not do so without soiling his clothes, is not as a matter of law precluded from relying upon statements fraudulently made to him by the seller regarding its condition, or from making such statements the basis of a rescission of the contract for fraud.  Whether a sufficient reason existed for omitting a complete inspection is a question of fact to be determined upon all the circumstances of the case.

2. SALE—*Fraudulent Representations—Laches in Electing to Rescind.*  The evidence held not to show conclusively, as a matter of law, that the election of a buyer to rescind a contract of sale for fraud was not made with sufficient promptness to be effective.

3. SALE — *Written Contract —·Prior or Contemporaneous Oral Representations—Not Competent.*  Where a written contract of sale is complete, and covers the matter of warranty, the buyer can not rely upon prior or contemporaneous oral representations as to the condition of the property as constituting a warranty.

Appeal from Washington·district court; JOHN C.
HOGIN, judge.  Opinion filed June 12, 1915.  Reversed.

47—95 KAN.

*J. R. Hyland,* of Washington, *Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellant.

*T. H. Polack,* of Marysville, *Edgar Bennett,* and *Charles W. Clarke,* both of Washington, for the appellee.

The opinion of the court was delivered by

MASON, J.: On January 2, 1912, the Aultman & Taylor Machinery Company brought replevin against E. Schierkolk for the recovery of a quantity of machinery on which it had a chattel mortgage. Judgment was rendered for the defendant, and the plaintiff appeals.

The mortgage was for $2406. Of this amount $1500 represented the purchase price of an engine bought by the defendant from the plaintiff. The defendant maintained that he had been induced to buy it by fraudulent representations concerning it, that he had rescinded the contract of purchase, and that the credit to which he was entitled on this account, together with payments that had been made, was sufficient to wipe out the mortgage debt. The principal controversy is whether the evidence justified a finding of fraud and rescission.

The engine was sold under a contract written upon one of the company's printed forms, which included a number of specific warranties, with provisions that the company should be given certain notice of any defects, and opportunity to make repairs. The engine was described as second-hand, and the contract provided that second-hand machinery was not warranted. Upon the margin were written the words: "Subject to inspection until shipment." Schierkolk saw and inspected the engine before it was shipped. According to his evidence he examined it as far as he could see it, without crawling into the fire-box; he did not do this because he had no old clothes to put on, and did not want to spoil the suit he was wearing; he had already

asked the company's agent if the fire-box was cracked or if there was anything wrong with it, and in reply had been told that there was nothing wrong with it— that it was not cracked, and was in first-class condition —as good as new; he believed and relied on these representations; when the engine was put to use leaking developed, and upon examination seven cracks were found in the fire-box, and three places where plugs had already been put in to stop the leaks; complaint was made to the agent, who in response stated that he knew about the plugs, but did not know about the cracks.

The company contends that in view of the opportunity to inspect, and of the inspection that was actually made, Schierkolk had no right to rely on any statements made to him as to the condition of the engine; that these were permissible as "dealer's talk," "puffing," or mere expressions of opinion; and that in fact he bought upon his own judgment. A number of decisions are cited in support of this contention. It is not thought desirable to review them. Each case must in a large measure be determined on its own facts. (20 Cyc. 32.) Here the question whether the inconvenience of examining the fire-box was sufficient to justify Schierkolk in relying upon the agent's assurance as to its condition was a fair matter for the determination of the jury. (20 Cyc. 61, 62.) The present tendency is to limit rather than extend the rule that enables the perpetrator of a fraud to take advantage of his victim's want of prudence. (*Epp v. Hinton,* 91 Kan. 513, 138 Pac. 576; 14 A. & E. Encycl. of L. 122.) The fact that repairs had already been made in the fire-box, to the knowledge of the agent, with the other circumstances in the case, gave room for an inference that he knew of the falsity of his statements as to its condition.

The contention is also made that Schierkolk did not act with promptness upon discovering the defect, and

did not take action necessary to a rescission of the contract of purchase. His evidence in this regard was to this effect: He received the engine in the fall of 1910; he had it two months before using it; he used it a little over three weeks in sawing wood; after the first week it began to leak; he made no further use of it until the following June, when he began threshing with it; after four weeks it leaked so badly that he had to quit using it; he sent for a boilermaker to fix the flues, who found where the leaks were. Schierkolk then discovered the condition of the fire-box, and notified the company; an agent was sent who attempted repairs, but without permanent good effect; after further negotiation Schierkolk told agents of the company that nothing but a new fire-box would satisfy him; that he would return the engine—that they could have it, and that they could keep the $300 he had paid on it, but he wanted a note for $500 which he had put up (presumably as collateral). We think the evidence justified submitting to the jury whether Schierkolk had with sufficient promptness effectively exercised his right to rescind the contract.

Complaint is made of the giving of an instruction to the effect that if property is sold under a warranty, and is found not to be as represented or warranted, the purchaser may rescind the contract and recover the purchase price. The courts of many states, perhaps the majority of those which have passed on the question, hold that an executed contract of sale can not be rescinded by the buyer because of a breach of warranty, unaccompanied by fraud. (35 Cyc. 138; 30 A. & E. Encycl. of L. 190.) This court, however, has already given its adherence to the other view. (*Aultman v. Mickey,* 41 Kan. 348, 21 Pac. 254; *Manufacturing Co. v. Stark,* 45 Kan. 606, 26 Pac. 8.) The instruction therefore embodied a correct statement of law, but it is objected to as inapplicable because no warranty was made, and as prejudicial because it implied that Schierkolk could recover without proving fraud. We find the

objections to be well taken. By the terms of the written contract the warranties therein set out did not apply, because the engine sold was a second-hand one, and as such was expressly excepted from their operation. And in the situation presented, the representations as to the condition of the engine having been made before the execution of the contract, an oral warranty could not be relied on. (35 Cyc. 379; *Ehrsam v. Brown*, 64 Kan. 466, 67 Pac. 867; *Hickman v. Richardson*, 92 Kan. 716, 142 Pac. 964.) No special findings were made, and the basis of the verdict is not shown. The jury may have concluded that fraudulent conduct on the part of the company had not been proved, but that the assurances of the agent amounted to a warranty, the breach of which justified Schierkolk in rescinding the contract. The likelihood of this is increased by the fact that the evidence of fraud was not very strong. Consequently the instruction may have been highly prejudicial. In behalf of Schierkolk it is argued that the company should not be heard to complain of this error, because it asked an instruction to the effect that unless he had fully complied with the conditions of the written contract he could not rescind the sale or recover damages by reason of any breach of warranty or alleged fraudulent representations. This plainly referred to the written warranty, qualified by the provisions for giving notice and an opportunity for repairs, while the instruction complained of has reference to a warranty unqualified by such restrictions, and therefore one necessarily resting on parol.

A discussion of the other questions argued is thought to be unnecessary, since they may not again arise.

The judgment is reversed and a new trial ordered.