HERBERT A. STATEN *v.* CENTRAL VERMONT RAILWAY COMPANY.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 2, 1917.

*Words and Phrases—"Know"—P. S. 4506—Knowledge Required—Evidence—When Exclusion Not Error.*

The word "know" implies at least the possession of information affording reasonable grounds for belief and imports actual as distinguished from implied knowledge.

To fix the liability imposed by P. S. 4506 upon a railroad company for employing one known to the president, superintendent or one of the directors to use intoxicating liquor as a beverage, the knowledge required is personal and cannot be imputed.

In an action brought against a railroad company to recover damages caused by an intoxicated employee under P. S. 4506, the fact that the agent at a nearby station had been informed that the employee was intoxicated the day before had no tendency to show that the information was communicated to the defendant's president, superintendent, or one of its directors, at least in the absence of anything to show that the agent had a duty in that regard.

A party is not in position to insist that the exclusion of an offer made by him was reversible error so far as it related to facts which could not be shown within its terms.

CASE brought under P. S. 4506 for injuries claimed to have resulted from retaining in defendant's employ a station agent known to be addicted to the use of intoxicating liquor as a beverage. Plea, the general issue. Trial by jury at the April Term, 1916, Windham County, *Miles*, J., presiding. Verdict directed for defendant, and judgment thereon. Plaintiff excepted. The opinion states the case.

*A. F. Schwenk* and *Frank E. Barber* for plaintiff.

*John W. Redmond* and *Charles F. Black* for defendant.

TAYLOR, J.   The action is brought under P. S. 4506 for injuries claimed to have resulted from defendant's retaining in its service a station agent known to be addicted to the use of intoxicating liquors as a beverage.   The case is here on plaintiff's exceptions to the exclusion of certain offered evidence and to the action of the court in directing a verdict for the defendant.

One Hugh Collins was employed by the defendant as station agent at Vernon, Vermont, his employment dating from May 29, 1913.   On Saturday, June 7, 1913, Collins was intoxicated while on duty and during the afternoon of that day was arrested and convicted for the offence.   The plaintiff with others was called as a witness against him.   By the terms of his employment Collins was required to be on duty Sundays from eight to ten o'clock in the forenoon.   On the morning of June 8 he borrowed a rifle for the avowed purpose of going hunting.   He left his boarding place at about eight o'clock and went to the station taking the rifle with him.   Plaintiff had occasion to go to the station that morning between eight and nine o'clock to assist a neighbor in flagging a train which she was to take.   After putting out the flag he started for his home and had reached a point in the highway some seven or eight rods from the place where he left the station when he was shot by Collins.   As the plaintiff started home Collins came out of the station office with the rifle and from a kneeling position on the platform fired two shots at the plaintiff, both of which took effect.   Collins was intoxicated at the time of the shooting.

Plaintiff offered to show by Sheriff Mann in substance that after Collins' arrest and conviction he informed the agent at Brattleboro that Collins had been found guilty of intoxication and was not a suitable person to leave in charge of the station; that he requested the agent to send someone to take charge, which he agreed to do; that he remained at the station until after two trains had passed and no one appeared to take Collins' place, he still being in charge when witness left.   This evidence was offered ''for the purpose of showing knowledge on the part of the defendant or its superintendent or officers of the fact that this man Collins used intoxicating liquor as a beverage.''   The court sustained defendant's objection that the offered evidence was immaterial because the offer did not bring the knowledge home to one of the officers mentioned in the statute; and to the exclusion of the evidence plaintiff saved an exception.

P. S. 4506 provides that if a railroad corporation employs or retains in its service a conductor, engineer, brakeman, switchman, semaphore or other signalman, train dispatcher, telegraph operator who receives train orders, motorman or operator of an electric car who uses intoxicating liquors as a beverage, such fact being known to the president, superintendent or any of the directors of such road, such corporation shall be fined not more than $3,000 nor less than $300, and shall also be liable for the damages which a person sustains by the employment or retention of such employee.

It appeared that among Collins' duties as station agent was that of telegraph operator and that as such he received train orders at the Vernon station. The pending exception brings in question the provision of the statute relating to knowledge on the part of the designated persons. The defendant contends that the statute in question is penal and should be strictly construed, while the plaintiff says that the part relating to damages, on which he sues, is remedial and should be construed accordingly. If we grant as plaintiff argues that a statute may be penal in one part and remedial in another, the interpretation to be given to the word "known" in this statute is not affected thereby. In construing the terms of the statute the fact that it contains both a penalty and a provision as to damages does not affect the question of knowledge. Liability for damages thereunder depends upon the same fact of knowledge as liability for the penalty and there cannot be one rule of interpretation when it is sought to enforce the penalty and another when the injured party seeks damages.

"To know" is defined as to have knowledge; to possess information. It is said in 24 Cyc. 805, citing numerous cases, that as used in statutes imposing liability, be it civil or criminal, upon persons knowing facts the word is to be construed as implying actual knowledge and not constructive notice or lack of information by reason of neglect or inadvertence. In some cases it has been held that information inducing belief constitutes "knowing" within the sense of such statutes. *Morey* v. *Milliken*, 86 Me. 464, 30 Atl. 102; *Tucker* v. *Constable*, 16 Or. 407, 19 Pac. 13. The word implies at least the possession of information affording reasonable grounds for belief and imports actual as distinguished from imputed knowledge. See *Shaw* v. *North*

*Pennsylvania R. Co.,* 101 U. S. 566, 25 L. Ed. 892, 18 Ency. of Law, 65, 69.

To fix the liability imposed by this statute, the fact that the designated employee uses intoxicating liquors as a beverage must be known to the president, superintendent, or one of the directors of the corporation. The knowledge required is personal and cannot be imputed. Plaintiff's argument fails at this point. He reasons that notice to the agent at Brattleboro, received in the course of his employment, was notice to the corporation; and that, in turn, the knowledge of the corporation was the knowledge of its president and directors. The requirements of such a rule would be satisfied if actual information stopped with the agent at Brattleboro, notice to him being imputed to the defendant company and through it to the persons designated in the statute. The language of the statute does not admit of such construction. It is doubtless true that the required knowledge need not be proved by direct evidence. But the fact that the agent at Brattleboro had the necessary knowledge has no tendency to show that the information was communicated to the defendant's president, superintendent, or one of its directors, at least in the absence of anything to show that the agent had a duty in that regard. *State* v. *Alpert,* 88 Vt. 191, 196, 92 Atl. 32; *Goss* v. *Burt,* 84 Vt. 52, 58, 78 Atl. 120; *Camp* v. *Averill,* 54 Vt. 320, 325. Manifestly the offer was properly excluded.

The plaintiff improved Collins as a witness and offered to show by him that: "After he was fined for intoxication on the 7th of June he called up the dispatcher's office at New London, which is a part of the office of the superintendent of the Central Vermont Railway Company; that the train dispatcher is a subordinate officer of the superintendent and under his direction and control and makes his reports to the superintendent; and that witness then notified the train dispatcher that he had been fined for intoxication at Vernon and had paid his fine."

The offer was excluded on the same ground as the previous offer and plaintiff had an exception. The record discloses that the offer was to show the facts recited "by this witness." The plaintiff himself later developed the fact that the witness was not "familiar with the workings of the office of the Central Vermont Railway Company," that he had only a general idea—and that he could not state definitely under whom the train dispatcher is. Plaintiff is not in a position to insist that the ex-

clusion of his offer, so far as it related to facts which he himself developed could not be shown within its terms, was reversible error. Eliminating the facts which the record shows could not be proved by the witness, the offer is no broader than the one just considered. There is left merely an offer to show that on June 7 Collins informed the train dispatcher at New London that he had that day been fined for intoxication. This exception cannot be sustained.

At the close of the evidence the defendant moved for a directed verdict on several grounds which included: (1) want of evidence to show knowledge on the part of either of the designated officers; (2) that on the evidence Collins' act was not done in furtherance of defendant's business and within the scope of his duties, but was the wilful and malicious act of a servant done for purposes of his own outside the scope of his employment; and (3) that on the evidence Collins' employment or retention was not the proximate cause of plaintiff's injury. The court sustained the motion and directed the jury to return a verdict for the defendant, to which the plaintiff excepted. This exception cannot avail, if for no other reason because plaintiff failed in evidence tending to show the essential fact that either the defendant's president, superintendent, or one of its directors knew that Collins used intoxicating liquors as a beverage. It is not claimed that there was any evidence tending to show such knowledge except the testimony offered and excluded, which we have seen had no such tendency. But if it had, having been excluded it could not be considered on the motion for a directed verdict.

The other grounds of the motion present a novel and rather interesting question; but, as it is not necessary to the disposition of the case that we consider them, we refrain from doing so.

MILES, J., did not sit.

*Judgment affirmed.*