RALPH F. NILES *v.* EDWARD DANFORTH ET AL.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 3, 1923.

*Sales—"Caveat Emptor"—Fraud—What False Representations Actionable—Representations as to Qualities of a Machine— Opinions Asserted as Facts—Buyer's Right to Rely Upon Extravagant Representations—Scienter and Intent—Harmless Error—Question of Error Must Be Raised Below—Intent—Scope of Evidence Where Fraud an Issue—Corroboration—Admissions—Effect of Not Stating Ground of Objection to Evidence—Pleadings—Amendment—Abuse of Discretion—False Warranty as Basis of Action for False Representation—Immaterial Evidence—Negligence of Victim Not Material in Fraud—Rescission.*

1. The policy of the law is to restrict rather than extend the common law maxim, *caveat emptor,* and to relieve an innocent purchaser who has become the victim of an unconscionable bargain.

2. False representations, to be successfully made the basis of recovery or defense, must ordinarily be assertions of fact and not matters of opinion or prediction.

3. A statement of opinion, made as an assertion of fact, with the intent that it shall be so received, and so received, may afford the basis of an action for fraud.

4. Representations by the agent of the seller of a tractor as to what such tractor would do in the work to which the purchasers

proposed to put it, *held* to have been of such a character and made in such circumstances as to justify the inference that they were intended as statements of fact rather than as predictions and opinions.

5. Whether representations as to the qualities of a machine are expressions of opinion or statements of fact is usually for the jury to say.

6. Misrepresentations as to what work a machine will do, made to induce its sale, and innocently relied upon by the purchaser to his damage, are actionable.

7. That such representations by a seller's agent were of a most extravagant character, and would hardly have been accepted by an intelligent person without a practical test, does not protect the seller from the effects of his deception, where they related to matters about which his agent could fairly be assumed to know.

8. Scienter and intent to deceive are usually questions of fact, and both may be implied, where one makes a statement as of his own knowledge, when he knows nothing about it.

9. Error, if any, in the admission of evidence was cured, where a subsequent amendment of the pleadings during the trial made the evidence admissible.

10. The Supreme Court will not consider a ground for the exclusion of evidence not raised below.

11. Evidence of a buyer's intended use of a tractor, made known to seller's agent during their negotiations leading to a sale, was admissible as tending to give character to the agent's statements, and the intent with which they were made.

12. Where fraud is the issue, the evidence must necessarily take a wide range, and may embrace all the facts or circumstances which go to make up the transaction, disclose its true character, explain the acts of the parties, and throw light on their objects and intentions.

13. In an action on a promissory note, given for the purchase price of a tractor and equipment, where the defense was fraudulent representations in procuring the sale, statements made in the presence of a third party by seller's agent, which amounted to an admission that he had made the representations relied upon, were admissible to corroborate the defendants and to impeach the agent, who, when a witness at the trial denied making such statements.

14. Where no ground of objection is stated, an exception to the admission of evidence is unavailing, unless it appears that the evidence was wholly irrelevant and immaterial.

15. The action of the trial court in permitting defendants, in an action on a promissory note, to amend their answer, which had been on a theory of false warranty, by alleging false and fraudulent representations on the part of plaintiff, the latter having been given ample opportunity to meet the new defense, *held* not an abuse of discretion but rather according to the spirit of G. L. 1795.

16. While a false warranty and a false representation are not the same thing, both may be developed from the same affirmation, and whenever a false statement, though in form a warranty, is made with intent to be accepted and relied upon as an assertion of fact, it may be made the basis of an action for false representation.

17. A letter received by seller, the contents of which were testified to by his agent who claimed to have communicated such contents to the purchaser, which the latter denied, was not admissible to corroborate the agent, for the fact that he knew its contents is no evidence that he communicated that knowledge to the buyer.

18. When fraud is the issue, the negligence of the victim is not material.

19. When the buyer of personal property seasonably notified the seller that the trade was at an end and that the property was subject to his order, a valid rescission was affected, the buyer being under no legal obligation to return the property to the place of purchase.

ACTION OF CONTRACT on a promissory note given for a tractor and equipment. Answer of false warranty, amended during trial to an answer alleging false and fraudulent representations by plaintiff on which defendants relied in making the purchase. Trial by jury at the June Term, 1922, Bennington County, *Fish*, J., presiding. Verdict and judgment for the defendants. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Holden & Healy* for the plaintiff.

Representations to be fraudulent must be of existing facts. *Nichols et ux.* v. *Lane,* 93 Vt. 87; *Belka* v. *Allen,* 82 Vt. 456; *Shanks* v. *Whitney,* 66 Vt. 405.

And must be of an ascertainable fact, one susceptible of knowledge. *Nichols et ux.* v. *Lane, supra;* Kerr on Fraud and Mistake, p. 83; *Page* v. *Bent,* 2 Metc. 371, 374; *Spead* v. *Tomlinson,* 73 N. H. 46, 68 L. R. A. 432, 439.

While as a general rule whether a particular representation is one of fact or mere expression of opinion is ordinarily for the jury, when such a representation is plainly of one class or the other, the court should dispose of the matter without the aid of a jury. *Gerard* v. *Jerry,* 95 Vt. 129, 113 Atl. 533; *Belka* v. *Allen,* 82 Vt. 456, 462; *Adams* v. *Ladeau,* 84 Vt. 460; *Gordon* v. *Butler,* 105 U. S. 553, 26 L. ed. 1166.

A buyer has no right to rely upon exaggerated statements, when from his own knowledge he either knew they were trade talk or had opportunity for informing himself. *Jude, Snow & Co.* v. *Woodhull,* 27 Vt. 415; *Kimball* v. *Bangs,* 144 Mass. 321; *Burwash* v. *Ballou,* 15 L. R. A. (N. S.) 409; *Hollbrook* v. *Connor,* 60 Me. 578.

*James K. Batchelder* and *Walter S. Fenton* for defendants.

A statement which in form, or ordinarily, is a matter of opinion may in certain circumstances, amount to an assertion of fact and constitute fraud. *Belka* v. *Allen,* 82 Vt. 456, 462; *Crompton* v. *Beedle,* 83 Vt. 287; *Arnold* v. *Somers,* 92 Vt. 512; *Nichols et ux.* v. *Lane,* 93 Vt. 87.

When statements are made by one of his own knowledge believing them to be true, when he had no such knowledge, and they are false, *scienter* is shown. *Stevens* v. *Blood,* 90 Vt. 81; *Adams* v. *Ladeau,* 84 Vt. 460; *Corey* v. *Boynton,* 82 Vt. 257; *Johnson* v. *Cate,* 75 Vt. 100; *Cabot* v. *Christie,* 42 Vt. 121.

Powers, J.   This is an action of contract on a promissory note given by the defendants for a tractor, trailer, and equipment bought by them of the plaintiff.   An affidavit of defense setting up a false warranty, was, by agreement, treated as the defendants' answer.   During the trial, the defendants were allowed to amend their answer by alleging false and fraudulent representations on the part of the plaintiff, by which they were

induced to make the purchase; and thereafter, the defendants relied exclusively on that defense. At the close of the evidence, the plaintiff moved for a verdict on the ground that there was no evidence tending to establish such representations as would avoid the note. In support of this motion, the plaintiff took the position that the representations relied upon by the defendants, and which their evidence tended to show, were expressions of mere matter of opinion, and not representations of existing facts. The motion was overruled, and an exception saved.

Thereupon, the case went to the jury on two of the representations, only: (1) That the tractor could be operated on the highway 365 days in the year, regardless of weather conditions and the condition of the highway, and would haul loads of three or four tons and as much as any team would haul at a load; (2) that the tractor would haul where trucks and teams could not work, and would work in the snow. A verdict for the defendants was returned.

[1] There is a manifest tendency in the recent cases to restrict rather than extend the application of the common law maxim, *caveat emptor,* and to relieve an innocent purchaser who has become the victim of an unconscionable bargain. *Aultman, etc., Machine Co.* v. *Schierkolk,* 95 Kan. 737, 149 Pac. 680; *Wooddy* v. *Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 A. S. R. 1102. "It is not the spirit of the law," says Chief Justice Rugg, in *Noyes* v. *Meharry,* 213 Mass. 598, 100 N. E. 1090, "to extend for the benefit of sellers the limits of immunity for false statements under the guise of trade talk." It is in this more righteous spirit that the maxim is now applied.

[2, 3] That false representations, in order to be successfully made the basis of recovery or defense, must ordinarily be assertions of fact and not matters of opinion or prediction, is too firmly established by our cases to require discussion. But it is not always that an opinion has this standing in an action for deceit. *Belka* v. *Allen,* 82 Vt. 456, 74 Atl. 91. If a statement of opinion is made as an assertion of fact, with the intent that it shall be so received, and it is so received, it may afford the basis of an action for fraud. *Crompton* v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912A, 399; *Arnold* v. *Somers,* 92 Vt. 512, 105 Atl. 260

[4] The representations as to what this tractor would do in the work to which the defendants proposed to put it were

of such a character and were made in such circumstances as to warrant, if not compel, the inference that they were intended as statements of fact rather than predictions and opinions. It cannot be said otherwise as a matter of law. It was said in *Keithly* v. *Mutual Life Ins. Co.*, 271 Ill. 584, 111 N. E. 503, that: "The statement that a particular article will bear a certain strain or sustain a certain weight; that a machine will do certain work; that land will produce certain crops, or the like, although future in form, refers to the suitability or capacity of the article or machine for the proposed purpose, or the character or fertility of the soil, or the possession of the attributes which will produce the stated results, and amounts to a statement of an existing fact." We indorse this as a correct statement of the law with the qualification that such statements are, in some circumstances, mere opinions or predictions, while in others, they are assertions of fact; and in case of doubt, their character in this respect is a question of fact.

[5, 6] The law does not unqualifiedly pronounce representations as to the qualities of a machine to be expressions of opinion. They may be such, or they may be statements of fact. It is usually for the jury to say. *Foster* v. *Kennedy's Admr.*, 38 Ala. 359, 81 A. D. 56. Misrepresentations as to what work a machine will do, made to induce its sale and innocently relied upon by the purchaser to his damage, are actionable. *Burroughs Adding Machine Company* v. *Scandinavian-American Bank*, (D. C.) 239 Fed. 179.

[7] That these representations were of a most extravagant character, and would hardly have been accepted by an intelligent person without a practical test, does not protect the plaintiff from the effects of his deception. They related to such matters as his agent could fairly be assumed to know about, and the defendants had a right to rely upon them, *King* v. *Livingston Mfg. Co.*, 180 Ala. 118, 60 So. 143; *Lehigh Zinc & Iron Co.* v. *Bamford*, 150 U. S. 665, 37 L. ed. 1215, 14 Sup. Ct. 219; *Fitzgerald* v. *Metropolitan Life Ins. Co.*, 90 Vt. 291, 98 Atl. 498. Extravagant as they were, they were not so fantastic as those in *Kendall* v. *Wilson*, 41 Vt. 467, wherein it was held that one who had been made to believe that the machine he was buying, once started would never stop, could recover of the swindler.

[8] But the plaintiff says that the *scienter* and intent to deceive are not shown. These are usually questions of fact

(*Carey* v. *Hart,* 63 Vt. 424, 21 Atl. 537; *Harponola Co.* v. *Wilson,* 96 Vt. 427, 120 Atl. 895) and both may be implied where, as here, one makes a statement as of his own knowledge, when, in fact, he knows nothing about it. *Cabot* v. *Christy,* 42 Vt. 121, 1 A. R. 313; *Stevens* v. *Blood,* 90 Vt. 81, 96 Atl. 697; *McAllister* v. *Benjamin,* 96 Vt. 475, 121 Atl. 263.

None of these questions could be ruled for the plaintiff as matter of law, and his motion was properly overruled.

[9, 10]  It appeared at the trial that the defendant, Edward Danforth, expected to take the job of hauling milk from East Rupert and Dorset to a creamery in Manchester, which would require a trip every day in the year; and that he expected to haul some logs and lumber; and that it was for this work that he was buying the tractor and equipment. Subject to objection and exception, he was allowed to testify that, during the negotiations, for his purchase, he told Eddington, the plaintiff's selling agent, all about his plans and the uses to which he wanted to put the tractor, and that Eddington then said, in effect, that it would do the work as so required. At the time this testimony was admitted the case was being tried on the issue of false warranty. But, as already stated, later in the trial, the issue was made into one of fraudulent representations. So we need not stop to inquire whether this evidence was admissible when re-received, for it became admissible by the amendment to the answer; therefore, the error in its admission, if any, was cured. *Preston* v. *Bancroft,* 62 Vt. 86, 19 Atl. 116; *First National Bank* v. *Johnson,* 190 Ala. 566, 67 So. 234; *General Electric Co.* v. *National Contracting Co.,* 178 N. Y. 369, 70 N. E. 928. Some attempt is made in the brief to show that this evidence was, on grounds not stated below, inadmissible under the amended answer, but we give this question no attention.

The witness was allowed to testify that he could draw with horses on the road referred to loads that the tractor could not haul. This was excepted to on the ground that it was immaterial. It is now argued that nothing appeared to show similarity of conditions at the times referred to. This question, too, being here put on grounds not stated below, is not considered.

[11, 12]  There was no error in the admission of the evidence as to the defendants' plans and expectations concerning the milk job and the lumber operations. All this was made known to the plaintiff's agent, Eddington, and was admissible as

tending to give character to the latter's statements and the intent with which they were made. When fraud is the issue, the evidence must necessarily take a rather wide range, and "may, embrace all the facts or circumstances which go to make up the transaction, disclose its true character, explain the acts of the parties, and throw light on their objects and intentions." *Smalley* v. *Hale,* 37 Mo. 102.

[13]   There was no error in admitting the evidence of what Eddington said on the occasion when the parties met at Mr. Dean's. The plaintiff admits that his statements at that time had reference to what he had previously told the defendants the tractor would do. They amounted to an admission that he made the representations relied upon and tended to corroborate the defendants and to impeach Eddington who denied making the representations when a witness at the trial.

[14]   On this occasion, the parties talked about changing the wheels on the tractor and substituting wheels with spikes in them. Subject to objection and exception, Dean was allowed to testify that he then said to Eddington that he could not go over the bridges with such wheels. No ground of objection to this evidence was specified, so the exception is unavailing, unless it appears that the evidence was wholly irrelevant and immaterial. *Douglass & Varnum* v. *Morrisville,* 89 Vt. 393, 95 Atl. 810; *Vermont Box Co.* v. *Hanks,* 92 Vt. 92, 102 Atl. 91. And, even so, this exception is unavailing, for we are not convinced that the evidence harmed the plaintiff.

For the reason last given, the exception to the admission of the broken drawbar is not sustained. Edward Danforth had testified without objection about the breaking of the drawbar of the trailer and the difficulty of making an efficient connection between that and the tractor.

[15]   The plaintiff excepted to the allowance of the amendment of the defendants' answer. He admits that this would ordinarily be a matter of discretion, but insists that in the circumstances of this case, the allowance amounted to an abuse of discretion and constituted reversible error. But we think otherwise. The plaintiff was given ample opportunity to meet the new defense, and the action of the court accords with the spirit of the statute, G. L. 1795.

[16]   After this amendment had been allowed, the plaintiff asked to have stricken out all the evidence of a warranty. This

the court declined to do, and the plaintiff excepted. A false warranty and a false representation are not the same thing to be sure, but both may be developed from the same affirmation. *Caldbeck* v. *Simanton*, 82 Vt. 69, 71 Atl. 881, 20 L. R. A. (N. S.) 844. Whenever a false statement, though in form a warranty, is made with intent that it be accepted and relied upon as an assertion of fact, it may be made the basis of an action for false representations. In the circumstances, the evidence of the warranties here supported the defense made by the amended answer, and the exception is not sustained.

[17] Shortly before the sale of this equipment to the defendants, the plaintiff received a letter from the New England distributor saying in effect, that the trailer desired and shown in a certain catalogue, was one made by a man for his own use, and was not manufactured for sale. This letter was in answer to the plaintiff's inquiry sent by arrangement with the defendants. Eddington testified that he communicated the contents of this reply to the defendants. While the defendants denied this, Edward Danforth admitted that Eddington told him that such a letter had been received, and that it gave the address where the trailer shown could be procured. The letter was offered in evidence, and the court excluded it. The plaintiff excepted. It is argued that the letter was admissible in corroboration of Eddington. The letter would add nothing to his credibility. That he knew its contents is no evidence that he communicated that knowledge to the defendants. *Camp* v. *Averill*, 54 Vt. 320; *Goss* v. *Burt*, 84 Vt. 52, 78 Atl. 120; *Staten* v. *Central Vermont Ry. Co.*, 91 Vt. 531, 102 Atl. 97. Much less is it evidence tending to show that he correctly communicated it. The letter was properly excluded.

[18] The court charged that unless the note was procured by fraud, the plaintiff should recover; that the burden of proof on the issue of fraud was on the defendants; and that the presumption of innocence was evidence in the plaintiff's favor. There was no necessity for an instruction, in direct terms, as to the application of the doctrine of *caveat emptor*. When fraud is the issue, the negligence of the victim is not material. *Maidment* v. *Frazier*, 90 Vt. 520, 98 Atl. 987; *Arnold* v. *Somers*, 92 Vt. 512, 105 Atl. 260.

[19] The court did not expressly charge that what the defendants did after discovering the fraud amounted to a valid

rescission. Assuming that the charge was to that effect, it was without error. ·That the delivery of the tractor and equipment was at the defendants' place in Rupert, is not denied; nor is it denied that the rescission was seasonable. When the defendants notified the plaintiff that the trade was at an end and that the property was subject to his order, they did all that could equitably be required of them. They were under no legal obligation to return the property to him at Bennington, and would not be if they had taken delivery of it there. It was held in *Unadilla Silo Co.* v. *Hull,* 90 Vt. 134, 96 Atl. 535, which was the case of a broken warranty, that upon rescission the seller was bound to take the goods at the buyer's farm. *A fortiori* would a fraudulent vendor have to.

*Judgment affirmed.*