JAMES G. G. DOWNING ET AL. *v.* WELLINGTON WIMBLE.

January Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 6, 1924.

*Bill of Exceptions—Time of Filing—Reference to the Transcript
—Sufficiency of Record to Show Exception—Questions Not
Raised Below—Fraud—When Statement of Mere Opinion
May Be Actionable—Exceptions Waived by Not Briefing—
Failure of Seller to Disclose Knowledge of Hidden Disease
in Herd of Cattle—Rules of Evidence Liberal in Establish-
ing Fraud—Opinion of Qualified Expert on Matter in Issue
Admissible.*

1. A skeleton bill of exceptions filed 19 days after the adjournment
   of a term of county court, being within 30 days of the rising
   of court, was a compliance with G. L. 2258, and non-compliance
   with the rules of the county court with reference to electing
   to stand on the bill as filed or submitting an amended bill did
   not deprive the excepting party of such exceptions as were
   shown by the skeleton bill or the transcript which was made
   controlling.

2. Although defendant's motion for a directed verdict was not shown
   either by the bill or the transcript, where the motion was duly
   filed, and the transcript showed that it was overruled and an
   exception saved, the exception was for consideration.

3. Where a motion for a directed verdict was not the usual general
   motion, but was in essence a separate motion, on each of the
   issues of fraudulent representations relied upon, an excep-
   tion saved to the overruling of such motion was equivalent to
   separate exceptions to the submission of each of these issues
   to the jury.

4. On exceptions to the Supreme Court a question not raised below
   will not be considered.

5. In an action of tort for fraudulent representations in an exchange
   of farms and certain personal property thereon including de-
   fendant's hay, an assertion by the defendant that the amount

of hay was more than 250 tons constituted an assertion of fact by one who claimed to know, and though it was only the defendant's estimate or opinion, if it was made with intent that it should be received as a statement of fact, and it was so received to the plaintiff's damage, it was actionable.

6. An exception which is not briefed is waived.

7. In an action of tort for fraudulent representations in an exchange of farms and certain personal property thereon, if defendant's herd of cows included in the transfer was infected with contagious abortion at the time of exchange, it was a fact material to the transaction then pending between the parties, and, the character of the disease being such that it could not be discovered by any ordinary inspection, it was the duty of the defendant to disclose the fact if he knew it, and his failure to do so would amount to fraudulent concealment that would support the action.

8. When fraud is the issue, the rules of evidence are very liberal, and a wide latitude is given one seeking to establish the fact, and other false statements made during the negotiations are admissible as tending to characterize the defendant's acts.

9. In an action of tort for fraudulent representations in an exchange of property, including defendant's herd of cows, a veterinarian, qualified as an expert to the satisfaction of the court, might properly testify to his opinion that the whole herd was infected.

ACTION OF TORT for fraud. Plea, the general issue. Trial by jury at the March Term, 1923, Chittenden County, *Thompson,* J., presiding. Verdict and judgment for plaintiffs. The defendant excepted. The opinion states the case. *Affirmed.*

*V. A. Bullard, M. G. Leary,* and *C. P. Cowles* (of counsel) for the defendant.

*March M. Wilson* and *Warren R. Austin* for the plaintiffs.

POWERS, J. These parties exchanged farms. Each let the other have certain personal property then on the farms, and this suit is brought to recover damages for fraud in that deal. The action was brought against the defendant and his wife, but the

court ordered a verdict for her, and the case went to the jury against Wimble, alone. As the basis of their claim, the plaintiffs relied upon fraudulent representations made by the defendant regarding four things: The hay, the beans, the water, and the cows.

[1]   The plaintiffs insist that the defendant cannot be heard in this Court because his exceptions were not seasonably filed. This claim is not sustained. The judgment below was rendered at the March Term, 1923, of Chittenden county court, which adjourned on May 18, 1923. Nineteen days later, a skeleton bill of exceptions was filed. This, being within thirty days from the rising of the court, was a compliance with the statute, G. L. 2258. The fact, if it be such, that the defendant did not comply with the rules of the county court with reference to electing to stand on the bill as filed or submitting an amended bill, did not deprive him of the benefit of such exceptions as are shown by the skeleton bill or by the transcript which is made controlling. True it is, as said in *Dent* v. *Bellows Falls, etc., Ry. Co.,* 95 Vt. 523, 116 Atl. 83, and elsewhere, that where there is a general controlling reference to the transcript, not intended as a reference for exceptions not noted in the bill, an exception appearing in the transcript and not in the bill is not for consideration here. But that is not this case. The reference here made is for the purpose (among others) of showing the ''exceptions taken and allowed.''

[2]   It is further urged that the defendant's motion for a verdict, not being shown either by the bill or the transcript, is not for consideration. But that is not necessary. It was duly filed, and the transcript shows that it was overruled and an exception saved. It is no more necessary that the contents of the motion appear from the transcript or the bill than that a specification, a pleading, or an exhibit should so appear. The exception appears, and that is enough.

[3, 4]   This motion for a verdict is not the usual, general motion, but is, in essence, a separate motion on each of the issues made on the grounds above stated, and was so treated below. The exception saved is equivalent to separate exceptions to the submission of each of these issues to the jury. The defendant argues that there was no evidence tending to establish the fraud charged with reference to the representation as to the quantity

and quality of the beans that went with the farm, and that for this reason it was error to submit this to the jury as a basis of recovery. All that was claimed below was that there was "no evidence to show the representations were made and relied upon, and that the trade was brought (about) by any (such) representation of the defendants." So far as this claim goes, we need do no more than quote from the testimony of the plaintiff, Downing, as follows:

"Q. What statement or representation did Mr. Wimble make to you and Mrs. Downing about the beans?

A. When we finally considered the trade, he said he had a hundred bushels of No. 1 beans.

Q. Did you rely on that representation?

A. I did."

The point here argued that the falsity of this representation was not established by the evidence, was not urged below. Therefore, we give it no consideration. And for the same reason, the claim now made that this representation was only the expression of an opinion is disregarded.

[5, 6] The only ground of the motion as regards the representation as to the quantity of hay on the defendant's farm was that it was the expression of an opinion, merely. It is so argued here, and the defendant quotes from Mrs. Downing's testimony certain questions and answers indicating this. But Downing testified directly and unequivocally that the defendant claimed to know how much hay he had, and that he positively asserted that the amount was more than 250 tons. Here, then, was an assertion of a fact, by one who claimed to know—and by one who would be expected to know, for he harvested the hay—and though it was only the defendant's estimate or opinion, if it was made with intent that it should be received as a statement of fact, and it was so received to the plaintiff's damage, it was actionable. *Cabot* v. *Christie,* 42 Vt. 121, 1 A. R. 313; *Crompton* v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912A, 399; *Stevens* v. *Blood,* 90 Vt. 81, 96 Atl. 697; *Niles* v. *Danforth,* 97 Vt. 88, 122 Atl. 498. The plaintiff's evidence tended to show that the defendant represented that his dairy was one of the best herds in Addison County, and that this was false because it was infected with contagious abortion—a fact that the defendant then knew and concealed. The defendant's motion on this branch of the case was predicated on the ground

that this representation could not be made the basis of an action for damages. But it was not admitted for that purpose. It was received on the question of fraudulent concealment of the disease mentioned, and as amounting to an assertion that the herd was free from it. The defendant argues this question as though the case stood upon the original complaint. But an amended complaint was allowed to be filed, which was based upon this fraudulent concealment. The defendant excepted to the allowance of this amendment, but waives this exception by not briefing it.

[7, 8] If this herd of cows was infected with the disease named, it was a fact material to the transaction then pending between the parties, and, its character being such that it could not be discovered by any ordinary inspection, it was the duty of the defendant to disclose the fact if he knew it, and his failure to do so would amount to a fraudulent concealment that would support an action. *Newell Bros.* v. *Hanson,* 97 Vt. 297, 123 Atl. 208, and cases cited. When fraud is the issue, the rules of evidence are very liberal, and a wide latitude is given one seeking to establish the fact. 27 C. J. 50. Other false statements made during the negotiations are admissible as tending to characterize the defendant's acts. *Niles* v. *Danforth, supra.* See *Eastman* v. *Premo,* 49 Vt. 355, 24 A. R. 142. When the plaintiff called attention to the cows, the defendant, instead of making full disclosure as honest dealing required, replied by an assertion well calculated to disarm suspicion and avert further inquiry. In the circumstances, the statement was tantamount to an assertion that the cows were free from hidden disease, and was evidence bearing on the defendant's intent to deceive. For the same reason, there was no error in admitting what the plaintiff said to the defendant about the cows. It was a part of the transaction and tended to characterize the acts of the parties. *Niles* v. *Danforth, supra.*

[9] The ground of the motion based upon the representations as to the water is waived by not being briefed. There was no error in allowing Dr. Billson, the veterinarian, to testify that it was in his opinion probable that the whole herd was infected. He spoke as an expert. He qualified to the satisfaction of the court, and his opinion was admissible for what it was worth. The claim that there was no evidence that the defendant knew

that some of the cows had aborted is not borne out by the transcript.

> · *Judgment affirmed.*