HENRY FENWICK ET UX. *v.* THOMAS F. SULLIVAN ET UX.

October Term, 1928.

Present: POWERS, SLACK, MOULTON, and CHASE, JJ., and WILLCOX, Supr. J.

Opinion filed March 14, 1929.

*E. A. Ashland* and *Hamilton S. Peck* for the plaintiffs.

*M. G. Leary* for the defendants.

POWERS, J.    By this bill in chancery, the plaintiff seeks to set aside an exchange of properties on the ground of fraud. The bill was demurred to, and was adjudged insufficient and dismissed.   The plaintiff appealed.

The only fraud charged in the bill is covered by an allegation that the defendant, Thomas Sullivan, falsely and fradulently represented to the plaintiff that he paid $5,000 for the Essex Junction property which was transferred to the plaintiff in the exchange, whereas in truth and fact he only paid $3,700

therefor. And it is alleged that by this the plaintiff was induced to exchange his Jericho farm for the Essex Junction property.

The suit was commenced in the name of the plaintiff and his wife, then living. Later, her death was suggested on the record, and the suit has since proceeded in the husband's name pursuant to G. L. 1521.

Apparently, the parties to the exchange dealt at arms length. The bill contains no allegations showing the existence of any fiduciary relations between them, or that the price paid by the defendant for the Essex Junction property was to control or affect the amount allowed for it in the exchange.

There is a hopeless conflict in the authorities on the question before us. Courts of eminent respectability and learning sustain the defendants in their contention that false representations like the one here in question are not a basis for action or defense. They adopt the view that such representations are mere estimates of value and not statements of fact, and that they must be so received by the party to whom they are made. Massachusetts, Illinois, and Maine are among the states so holding. Nevertheless, we think that the courts holding that such representations are statements of material facts, and actionable, if false, reach a more reasonable and just result, and are more in harmony with our own decisions. True it is, that representations as to value are usually regarded by the law as mere expressions of opinion, and so not fraudulent, in a legal sense. But the circumstances may be such that they amount to assertions of fact. *Belka* v. *Allen,* 82 Vt. 456, 463, 74 Atl. 91; *Crompton* v. *Beedle,* 83 Vt. 287, 298, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912A, 399; *Niles* v. *Danforth,* 97 Vt. 88, 92, 122 Atl. 498. The price paid for property is evidence of its value at the time of its sale. *Miller* v. *Belville,* 98 Vt. 243, 250, 126 Atl. 590. The plaintiff had a right to so regard it. The defendant was under no obligation to disclose the price paid for the property referred to, but if he was to speak on that subject, the plainest principles of justice and fair-dealing required that he speak truthfully. We recognize the rule that it is not every false affirmation of the vendor that will avail the buyer as a ground of action or rescission, though he be misled thereby to his hurt. A seller, of course, has the right to praise his property, extol its

good qualities, and ordinarily, at least, give an estimate of its value. But, as we pointed out in *Niles* v. *Danforth, supra,* there is a decided tendency on the part of the courts to make it harder and harder for the crafty and designing vendor to overreach an unwary vendee. Fraud is ever assuming new forms and appearing in unexpected places, and the courts, especially courts of equity, should keep pace with the times, and be able and ready to afford relief against it wherever it may appear or whatever guise it may assume.

It was held in *Holbrook* v. *Connor,* 60 Me. 578, 11 A. R. 212, that a fraudulent representation as to the price paid by the vendor is not sufficient to support an action. But Dickerson and Kent, JJ., dissented, and Mr. Pomeroy says that the dissenting opinion expresses "the more accurate and reasonable doctrine," 2 Pom. Eq., § 878, note.

In the case in hand, the statement relied upon was not a mere opinion of value. It was a statement of a material fact, made to induce the exchange, and relied upon by the plaintiff. It was false, and the defendant knew it. Such a situation presents a case within the jurisdiction of a court of equity to grant relief. *Zang* v. *Adams,* 23 Col. 408, 48 Pac. 509, 58 A. S. R. 249; *Seldon* v. *Hughes* (Mo. App., 195 S. W. 524; *Fairchild* v. *McMahon,* 139 N. Y. 290, 34 N. E. 779, 36 A. S. R. 701; *Sanford* v. *Handy,* 23 Wend. (N. Y.) 260; *Kohl* v. *Taylor,* 62 Wash. 678, 114 Pac. 874, 35 L. R. A. (N. S.) 174, and note; *Van Epps* v. *Harrison,* 5 Hill (N. Y.) 63, 40 A. D. 314, approved in *Page* v. *Parker,* 43 N. H. at page 369, 80 A. D. 172; *Smith* v. *Countryman,* 30 N. Y. 656; *Dorr* v. *Cory,* 108 Iowa, 725, 78 N. W. 682; *Van Slochem* v. *Villard,* 207 N. Y. 587, 101 N. E. 467. The Michigan cases go even further, and hold that the statement that a certain offer had been made for the property (*German Bundisheim Soc.* v. *Schmidt,* 242 Mich. 139, 218 N. W. 665), or a statement as to what the property would sell for in a certain market (*Pratt* v. *Allegan Circuit Judge,* 177 Mich. 558, 143 N. W. 890), might afford the basis of an action. See, also, *Rafferty* v. *Heath,* 115 Va. 195, 78 S. E. 641; *Hokanson* v. *Oatman,* 165 Mich. 512, 131 N. W. 111, 35 L. R. A. (N. S.) 423; *Thompson* v. *Koewing,* 79 N. J. Law, 246, 75 Atl. 752; *Stoney Brook Woolen Co.* v. *Smalley,* 111 Mich. 321, 69 N. W. 722.

That the plaintiff had an opportunity to, and did examine the Essex Junction property is not here decisive. It

may be of some importance at the trial, but not here where the only question is as to the sufficiency of the allegations. *Nichols v. Lane,* 93 Vt. 87, 90, 106 Atl. 592; *Harponola Co.* v. *Wilson,* 96 Vt. 427, 434, 120 Atl. 895. He was under no duty to investigate defendant's statement, but could rely upon its truth. *Ste. Marie* v. *Wells,* 93 Vt. 398, 404, 108 Atl. 270; *Oben* v. *Adams,* 89 Vt. 158, 162, 94 Atl. 506; *Manley* v. *Johnson,* 85 Vt. 262, 264, 81 Atl. 919.

■ The suggestion that the defendant Loretta Sullivan, the wife of Thomas, had no part in the false statements is of no avail. She was present when they were made, and is now enjoying the benefits secured by the fraud. She takes and enjoys her interest in the Jericho farm subject to the plaintiff's right of rescission based upon the fraud practiced upon him when he conveyed it. *Jenness* v. *Simpson,* 84 Vt. 127, 139, 78 Atl. 886; *Jones* v. *Stearns,* 97 Vt. 37, 42, 122 Atl. 116, 31 A. L. R. 653.

■■ The defendants' claim that the plaintiff did not act promptly upon discovery of the fraud is not now for consideration. Defenses not apparent on the face of the bill, cannot be availed of by demurrer. *Vermont Hydro-Electric Corp.* v. *Dunn,* 95 Vt. 144, 152, 112 Atl. 223, 12 A. L. R. 1495. Laches is a defense that cannot be availed of by demurrer. *Hall* v. *Windsor Sav. Bank,* 97 Vt. 125, 136, 124 Atl. 593. Nor does anything appear in the bill to indicate that such changes have taken place, in the property as to preclude an equitable adjustment by the decree herein.

*Decree reversed, bill adjudged sufficient, and cause remanded.*

NOTE. This case was argued at the October Term, 1928, and then assigned to WILLCOX, Supr. J., sitting for the Chief Justice. At the February Term, 1929, it was re-assigned to Mr. Justice Powers.

CHASE, J., sat at the hearing of this case, but having resigned, took no part in its disposition.