### In re J. H. & R. H., Juveniles

[470 A.2d 1182]

No. 83-138

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 14, 1983

*William Travers Jerome,* Brattleboro, for Plaintiffs-Appellants.

*John J. Easton, Jr.,* Attorney General, Montpelier, and *Alan S. Rome,* Special Assistant Attorney General, Waterbury, for Defendant-Appellee.

Gibson, J. The natural parents of J. H. and R. H. appeal from an order of the District Court, Unit No. 6, Windham Circuit. That court, sitting as a juvenile court, dismissed their motion for relief, petition to modify and petition for a protective order. The parents seek reunification with their children and relief from prior orders completely severing all parental rights. We reverse the decision of the juvenile court.

The history of this family is a troubled one. R. H. was born on January 4, 1979. Shortly after the birth of J. H. on April 14, 1981, the mother became ill and the father lost his employment. The parents sought help from the Department of Social and Rehabilitation Services (SRS) in May of 1981. A voluntary care agreement resulted; R. H. and J. H. were placed in a foster home. The parents soon terminated this placement, but in June of that same year it was apparent they were unable to care for the children. A juvenile hearing was held in mid-June, and the children were found to be in need of care or supervision (CHINS). They were again placed in temporary foster care, and a disposition hearing was scheduled for July 27, 1981. On July 1, 1981, the parents' situation became so desperate that they left their apartment and lived in the family car for a period of six weeks. During this time both parents voluntarily surrendered their rights to J. H., then three months old. This was done in the Marlboro Probate Court. The parents indicated to that court that prospective adoptive parents had come forward. The court terminated their parental rights to J. H. on July 24, 1981, pursuant to the adoption procedures outlined in 15 V.S.A. §§ 431–454, but

made no custody or placement order, noting the pending disposition hearing in juvenile court.

At the disposition hearing, the juvenile court severed all residual parental rights to J. H. without limitation as to adoption and granted custody to SRS rather than to the prospective adoptive parents. At the same hearing, the court ordered that custody of R. H., then two years old, also be transferred to SRS; the court did not, however, sever all residual parental rights to R. H. Both children continued in foster care.

R. H. returned home in October of 1981, but his parents were again unable to provide adequate care for him. On December 7, 1981, both parents signed "Surrender of Child for Adoption" forms relinquishing R. H. to SRS. On December 22, 1981, the juvenile court transferred all residual parental rights to R. H. to the Commissioner. Both children now reside with a foster family that intends to file for their adoption.

On February 10, 1983, the parents filed a motion for relief, a petition to modify and a petition for a protective order in juvenile court. The motion for relief asked the court to set aside its order of July 27, 1981, with respect to J. H. and its December 22, 1981, order pertaining to R. H. The petition to modify sought to set aside or modify the juvenile court's order based upon changed circumstances. Finally, in their petition for a protective order the parents sought to prevent the commencement of adoption proceedings until the final resolution of this litigation.

We address only the motion for relief in this opinion. We need not discuss the dismissal of the protective order as the parties have stipulated that no adoption proceedings will be undertaken "until all further legal proceedings have been resolved." Our disposition in this case makes it unnecessary to consider the petition to modify.

The motions and petition were presented to the juvenile court along with affidavits of the parents as well as memoranda of fact and law prepared by counsel. The court, without a hearing, summarily dismissed the motion for relief. Appellants seek a full hearing on the merits of the motion.

Although the parents base their motion for relief upon

alternative procedural theories, they rely in part upon 33 V.S.A. § 659(a) of the Juvenile Procedure Act. Section 659(a) provides:

> An order of the court may be set aside by a subsequent order of this court . . . when it appears that the initial order was obtained by fraud or mistake sufficient therefor in a civil action, or that the court lacked jurisdiction over a necessary party or of the subject matter, or that newly discovered evidence so requires.

In dismissing the motion below, the juvenile court found that "[i]n their petition to modify, the parents argue that there is not . . . mistake . . . fraud . . . as such" and concluded that that "avenue" was therefore not open to them. We do not find such a clear concession. The language quoted by the court did not come from the "petition to modify" but rather came from counsel's supporting memorandum discussing the motion for relief. The parents, in their accompanying affidavit, stated they "felt pressured into signing" the relinquishments and believed "there was no choice." They were "scared," "desperate" and "felt stepped on by life and that the best chance for our sons was not living with us." In their motion for relief they contend they did not "voluntarily or willingly consent to the termination of their parental rights . . . , that they were unduly influenced into granting consent [and] that SRS did not allow them any meaningful choice or opportunity to maintain custody of their children . . . ."

■ It is clear that the pleadings and the affidavit in support thereof contradict counsel's memorandum. In adopting counsel's inapt statement and dismissing the motion without hearing, the court allowed counsel, however inadvertent his action may have been, to negate his clients' claims without their knowledge or permission. It is a well-established rule that an attorney has no authority, without the permission of his client, to dismiss a case with prejudice or do any act that will have the effect of irrevocably renouncing or barring his client's right of action. *Sheffer* v. *B. B. Perkins & Co.*, 83 Vt. 185, 75 A. 6 (1910); *Vail* v. *Conant*, 15 Vt. 314 (1843); 7 Am. Jur. 2d *Attorneys at Law* § 155. See also *Pettengill* v. *New Hampshire Insurance Co.*, 129 Vt. 23, 270 A.2d 883

(1970) (an attorney, without special authority, has no power to bind his client by a compromise agreement of less than the full amount due). Of course, there is no such limitation on the authority of counsel to enter a voluntary dismissal of an action without prejudice.

Appellee contends that once residual parental rights are terminated, with no appeal taken from the orders, the juvenile court has no jurisdiction to entertain a motion under § 659(a). However, no such limitation is contained in the language of § 659(a), which states that "[a]n order of the court may be set aside by a subsequent order of this court . . . ." (Emphasis added.) The meaning is clear; the statute applies to all orders, including those that terminate residual parental rights. The statute must be enforced in accordance with its express terms. *Montgomery* v. *Brinver Corp.*, 142 Vt. 461, 463, 457 A.2d 644, 645 (1983). Moreover, there is a fundamental and compelling policy reason why jurisdiction should lie. Courts must be ready and able to afford relief against fraud whenever it appears. *Fenwick* v. *Sullivan*, 102 Vt. 28, 31, 145 A. 258, 259 (1929). If the court orders terminating residual parental rights were obtained by fraud, as appellants have alleged, it would be unconscionable to immunize those orders from attack on the ground that the court lacks jurisdiction.

An important factual consideration also exists. Although the children have resided in foster care for over a year, they have not yet been adopted and, in fact, no adoption proceedings have been commenced on their behalf. There is no attempt here to reclaim the children from an adoptive home or from adoptive parents who assumed their care with an understanding of permanence.

Because of the precipitate dismissal of the motion for relief based on counsel's unauthorized representation, we reverse the decision below. We express no opinion as to the merits of appellants' claim under § 659(a) but reverse and remand to the juvenile court for that determination.

*Reversed and remanded.*