### State of Vermont v. Wayne Duffy

[562 A.2d 1036]

No. 86-584

Present: Allen, C.J., Peck and Dooley, JJ, and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned.

Opinion Filed April 7, 1989

Motion for Reargument Denied May 2, 1989

*Kevin G. Bradley, Chittenden County State's Attorney,* and *Philip R. Danielson, Deputy State's Attorney,* Burlington, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals the revocation of his probation and the imposition of the previously suspended portion of a prison sentence. Defendant makes two arguments on appeal: first, that the conduct for which probation was revoked, failure to participate in psychotherapy, did not violate any condition of probation; and second, that the lower court, by allowing defendant to speak for himself at the probation hearing, granted an invalid waiver of counsel. We disagree with defendant on both of his arguments and affirm the revocation of probation.

Defendant pled guilty to a charge of sexual assault, for which he was sentenced to term of 2-10 years, all suspended but one year to serve; and a charge of lewd and lascivious behavior, for which he was sentenced to 1-5 years, concurrent, all suspended but one year to serve. The probation order is contained on a standard District Court Form No. 390 which includes a number of preprinted probation conditions along with a list of common conditions the judge can impose by putting a check-mark before the condition. The order for defendant included standard condition number eight which states: "You shall participate fully in any program to which you may be referred by the Court or your probation officer." The form also contains a condition number sixteen, which is applicable only if checked by the court, and states: "You shall actively participate in mental health counseling to the satisfaction of your probation officer." This condition was not checked by the court in defendant's original probation order.

After serving the unsuspended portion of his sentence, defendant was placed on probation. Soon after his release from prison, defendant was charged with violating condition number eight, based on a failure to participate in counseling, as required by his probation officers. Following a hearing, probation was revoked and defendant was ordered to serve the remainder of his sentence.

At the violation of probation hearing, the trial court concluded that defendant had "failed to comply with a condition of his pro-

bation, that he participate in sexual offender counseling." The trial court went on to state, however, that "notwithstanding all of the chances that Mr. Duffy's had, I'm prepared to give him one more chance" to comply with his conditions of probation. The court ruled it was "prepared to find a violation of probation [and] replace him on probation."

At this point it is worth quoting at length from the trial transcript. Defendant and the court engaged in a coloquy which resulted in defendant's present incarceration:

Court Officer: Your Honor?

Judge Cook: Yes. Yes, Mr. . . .

Defense Counsel: I don't mean to interrupt you. I think Mr. Duffy would like to address the Court.

Judge Cook: Okay.

Mr. Duffy: Sir, I decided that I'll go back.

Judge Cook: Pardon me?

Mr. Duffy: I decided I'll go back and do my time.

Judge Cook: You want to do your time? You're looking at 2 to 10 years.

Mr. Duffy: That's right, Sir.

Judge Cook: You want to talk with Mr. Stetler about that?

Mr. Duffy: Already have, Sir.

Judge Cook: I'm prepared not to send you to jail today.

Mr. Duffy: That's right, Sir, you are. I understand that.

Judge Cook: I'm willing to give you another chance.

Mr. Duffy: No, thank you, Sir.

Judge Cook: Okay.

Mr. Stetler: Your Honor, I would like to be heard on that.

Judge Cook: Okay. Go ahead.

Mr. Stetler: The Court has some understanding . . . of Mr. Duffy's case, and I have some understanding of

his case, as well, having been representing him for over six months. Mr. Duffy's had a real tough time engaging in any trusting relationship with anybody associated with the court system . . . . Mr. Duffy is very distrustful and very suspicious, and has basically, honestly, I think, confronted this issue with himself, and has said to me on several occasions that he is just wasting everybody's time because he knows he can't do [counseling] at this point, now. And this is not a new feeling for Mr. Duffy. It's something that he and I have talked about over this period of time . . . . So I have mixed feelings about this . . . . I really hate to see Mr. Duffy go to jail for 2 to 10 years. But he is telling the [c]ourt that because that's what he feels, because that's where — that's what he's thinking right now in terms of getting into the [counseling] program. He's not trying to buy another month or two months on this . . . . Perhaps other people would disagree with me, but if he doesn't do well in — in the in-patient program, he will max it out. Maybe that's just, maybe it isn't. *I would ask the [c]ourt at this point to unsatisfactorily discharge Mr. Duffy from probation, after giving him a portion of the underlying sentence.*

(emphasis supplied).

The court, after asking Mr. Duffy if he had anything to add, reiterated its willingness to give defendant another chance on probation. Mr. Duffy chose to not add anything to what had already been said. The court then stated:

I am prepared to order that he serve the balance of the underlying sentence . . . . My reason for this is that if I believed that Mr. Duffy could be dealt with on an out-patient basis . . . I would be, as I have continued to be through these many months, willing to allow him to try to do that. Apparently, by his own declaration, he's not prepared to do that.

Defendant's first argument on appeal is that condition number eight of his probation agreement does not suffice to require him to attend therapy sessions, and that therefore he did not violate his probation by not attending such sessions. In essence, defendant's argument is one of contract construction drawing on the fact that probation involves a contractual undertaking between the court and the defendant. See *Sherwin* v. *Hogan,* 136 Vt. 606, 609, 401 A.2d 895, 896-97 (1979). His argument is that the standard condition cannot be interpreted as imposing a mental health counseling obligation because of the presence of the omitted condition to that effect on the printed form. In defendant's view, if the court had intended such a requirement, it would have checked the pertinent specific condition.

▮ We note at the outset that this is not a case where the defendant claims that he was not given fair warning of what was expected of him. Indeed, the probation officer made it clear from the outset that defendant would be required to participate in sexual abuse counseling. In *State* v. *Peck,* 149 Vt. 617, 619-20, 547 A.2d 1329. 1331 (1988), this Court made clear that fair notice could be supplied by instructions and directions given to a defendant by his or her probation officer. Nor is this a case where defendant's conduct was intended to challenge an unlawful direction of the probation officer. In fact, the claim that the officer's direction was beyond her authority is raised for the first time on appeal.

We reject defendant's contract construction argument for three reasons. First, the construction of the probation conditions is first and foremost a responsibility of the trial court which we must uphold if there is a factual basis for the trial court's conclusion. See *State* v. *Millard,* 149 Vt. 384, 386, 543 A.2d 700, 701 (1988). A factual basis exists in this case to uphold the trial court's determination.

▮ Second, the probation order, viewed as a contract, should be construed to give effect to all of its parts and to the intention of the contracting parties. See *Agway, Inc.* v. *Marotti,* 149 Vt. 191, 194, 540 A.2d 1044, 1046 (1988). The probation order form allowed the court to specifically direct participation in the types of programs normally seen as part of offender rehabilitation. The problem with defendant's argument is that it renders condition eight a nullity because the specifically itemized programs virtually exhaust the list of what a probation officer could do to

achieve rehabilitation. We can better reconcile the provisions of the probation order by finding that the standard condition allows the court to leave the choice of rehabilitative programs to the discretion of the probation officer. When the court wants to direct participation in a particular program, rather than relying on the probation officer to provide direction, it can check the appropriate condition on the form.

■ The above interpretation is consistent with our holding in *State* v. *Allen,* 145 Vt. 593, 496 A.2d 168 (1985), a case involving a similar construction issue. In *Allen,* the trial court imposed two conditions restricting use of alcoholic beverages — one, Condition 10A, prohibited all possession and consumption; the other, Condition 10B, prohibited use to the extent it interfered with employment or personal or family welfare. By letter, the judge clarified that he intended Condition 10A to remain in effect, and the defendant was charged with violating that condition. On appeal, this Court noted:

> At all times, appellant was under notice that his probation was conditioned upon compliance with Condition 10A. Whether or not Condition 10B was operable or rescinded, Condition 10A always remained in force; it had been properly imposed and was never stricken. Appellant violated the express terms of Condition 10A at his peril.

145 Vt. at 599, 496 A.2d at 171. Similarly, we hold here that defendant must comply with condition eight whether or not the trial court chose to add a specific mental health counseling requirement to the probation order.

Finally, we see defendant's argument as turning a standard probation order form into a strait-jacket that defies common sense. See *Lovejoy* v. *State,* 148 Vt. 239, 246, 531 A.2d 921, 926 (1987). It is one thing to apply contract construction principles to conflicting or overlapping provisions in an agreement; it is another to try to apply these rules to an unchecked box on a form. There is no suggestion in this record that the trial court intended to deprive the probation officer of needed authority to supervise defendant's probation in a meaningful way. We will not read that intent into an unchecked box.

Defendant's second contention is that the trial court erred in not ensuring a knowing, intelligent, and competent waiver of counsel when it accepted defendant's decision to serve his sen-

tence rather than continuing on probation. Because we find no waiver, we do not reach defendant's claim that the asserted waiver was not intelligently made.

■ The problem with defendant's argument here is that it confuses the role of the client with that of the lawyer. We have recognized the authority of a lawyer to act for a client "and to control the procedural aspects of his client's case without his client's express consent." *State* v. *Bailey*, 144 Vt. 86, 102, 475 A.2d 1045, 1055 (1984). While the lawyer can control procedural matters, "the client has control over the subject matter of litigation." *New England Educational Training Service, Inc.* v. *Silver Street Partnership*, 148 Vt. 99, 102, 528 A.2d 1117, 1119 (1987). Thus, it is the client, and not the lawyer, that must decide whether to settle and on what terms. See *id.*; *In re J.H.*, 144 Vt. 1, 4, 470 A.2d 1182, 1184 (1983). In a criminal case, it is for the client to decide "what plea should be entered." Administrative Orders and Rules, Code of Professional Responsibility, EC 7-7; C. Wolfram, Modern Legal Ethics § 4.6.3 (1986).

Defendant's decision to forego continued probation in this case was the equivalent of a plea of guilty. The need for defendant's consent to continued probation is further underscored by the contractual nature of probation that would have required defendant to sign another probation agreement. See *Sherwin* v. *Hogan,* 136 Vt. at 609, 401 A.2d at 896-97. Defendant's action, therefore, was wholly consistent with the attorney-client relationship and did not indicate a waiver of counsel. Defendant communicated the decision that he was entitled, in any event, to make.

We recognize that the lawyer's role in a case like this is "to insure that decisions of his client are made only after the client has been informed of relevant considerations." Code of Professional Responsibility, EC 7-8. The transcript indicates that the lawyer in this case fulfilled that role and fully advised defendant of his options. In fact, the lawyer requested that the court "unsatisfactorily discharge" the defendant from probation. We find no suggestion in the transcript that defendant waived counsel in this case.

*Affirmed.*