Bent, Supr. J.,
¶ 32. Specially Assigned, concurring and dissenting. I concur in the majority’s holding that this Court looks to the totality of the circumstances to determine whether a defendant’s waiver of due process rights in a probation revocation proceeding was knowing and voluntary. In so holding, the majority expressly declines to address defendant’s claim that a knowing and voluntary waiver requires an in-court personal waiver by the defendant. I agree with this decision as well.
¶ 33. I write separately for two reasons. First, despite the majority’s express reservation of the question of whether a personal in-court waiver is required, its decision can easily be read to suggest otherwise. Three statements in the majority opinion, in particular, require clarification. First, the majority states: “The dispositive question is whether the waiver of the right to contest revocation, the agreement to a sentence, and the waiver of the right to appeal could be effective without defendant’s explicit consent.” Ante, ¶ 14 (emphasis added). Plainly, that is not the question that determines how this appeal should be decided inasmuch as the majority states in the very next paragraph that we “need not decide whether a waiver can ever be deemed knowing and voluntary ... if the defendant does not personally acknowledge the waiver in court.” Ante, ¶ 15.
¶ 34. Second, the majority states: “In neglecting to address defendant personally and inquire as to whether he consented to the agreement proposed by the attorneys, the court permitted *436 defendant’s attorney to assume a responsibility properly belonging to his client. State v. Duffy is controlling on this point. 151 Vt. 473, 562 A.2d 1036 (1989).” Ante, ¶ 16. Duffy holds that the decision to contest a revocation of probation is personal to the defendant. It does not hold that a defendant must personally waive the right in open court. The majority is therefore incorrect in stating that, by failing to “address defendant personally and inquire as to whether he consented to the agreement” the court contravened the holding in Duffy. This is important to understand because, if Duffy actually required that the trial court personally address the defendant to inquire as to whether he or she consented to the waiver, then the majority’s reservation of the question whether “the defendant must personally agree to a waiver on the record,” ante, ¶ 18 n.2, would be meaningless.
¶ 35. Third, the majority’s reliance on Hersch v. State, 562 A.2d 1254 (Md. 1989), as “instructive here” is unnecessary and misplaced. Ante, ¶ 19. First, that decision involved two consolidated appeals where, in each case, the defendant’s attorney admitted a charged probation violation without giving any indication that the attorney had consulted with the defendant or that the defendant agreed with the admission. The facts here, as discussed below, are entirely distinguishable. More important, the Hersch court concluded that the waivers were ineffective because neither of the defendants had “personally admitted” the violations charged and “personally advised” the court that he wished to waive a contested hearing and admit the charge. Hersch, 562 A.2d at 1259. Given the majority’s express reservation of the question whether a personal on-the-record waiver by the defendant is required, Hersch is not, in fact, instructive for our purposes here.
¶ 36. Second, I disagree with the majority’s application of the totality-of-the-circumstances test in this case. Although relatively sparse, the record is sufficient to demonstrate that defendant’s waiver of a contested sentencing hearing was knowing and voluntary. At the scheduled hearing, defendant was present in court when the prosecutor explained to the trial court that the parties had formulated an agreement which provided for a stipulation to a revocation of probation, a reduction in sentence, and credit for all time served. The net effect was to move defendant to within several months of his new minimum sentence. This was plainly a favorable outcome for defendant. Defendant’s attorney then affirmatively represented to the court that counsel had “talked about *437 this proposal with my client, we feel that it is agreeable.” Counsel thereupon outlined the total credit for time served that defendant would receive under the agreement. At no point during this discussion did defendant, who had a lengthy criminal history which included a prior revocation of probation, raise any objection to the agreement. Indeed, apart from his general claim that a knowing and voluntary waiver requires a personal, in-court waiver by the defendant, defendant here has not claimed that his waiver was involuntary or unknowing, or that he was somehow prejudiced by the agreement. In none of his pleadings has defendant asserted that his attorney misrepresented to the court the fact that defendant was agreeable to the stipulation, or the terms of the agreement.
¶ 37. In these circumstances, there is ample reason and good authority to conclude that the waiver was knowing and voluntary. See, e.g., United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005) (upholding waiver of contested revocation hearing where defense counsel “explicitly stated, in [defendant’s] presence, that [defendant] admitted to” the violations, defendant did not object to the assertion, and it was clear from the totality of the circumstances that the waiver was knowing and voluntary); United States v. Tapia-Escalera, 356 F.3d 181, 183, 184 (1st Cir. 2004) (rejecting defendant’s claim that there was “no proper waiver of his right to a hearing to contest the charges” where defense counsel informed court that defendant admitted probation violation charge, noting that the defendant was present when counsel waived the hearing and had raised no protest, that defendant was “not a novice” in such matters, and that defendant had not “identified . . . anything that he misunderstood”); United States v. Taylor, 747 F.3d 516, 518, 519 (8th Cir. 2014) (upholding waiver of contested revocation where defense counsel, with defendant present, “informed the court that his client admitted all the charged violations” of his supervised release, and rejecting defendant’s claim that “a personal colloquy was required” to ensure that waiver was knowing and voluntary); People v. DeGarmo, No. A128716, 2011 WL 1885259, at *6 (Cal. Ct. App. May 18, 2011) (relying on People v. Dale, 112 Cal. Rptr. 93 (Ct. App. 1973), for proposition that “[i]n the context of a revocation of probation, a defendant can waive the formal requirements of notice and a hearing and admit a probation violation through the conduct of his attorney and his own silence”); State v. Sellers, 649 S.E.2d 656, *438 657 (N.C. Ct. App. 2007) (rejecting defendant’s claim that court violated his due process rights when it “relied on the assertions of his counsel and failed to make an adequate personal inquiry regarding his waiver and admissions,” holding that due process does not require “that the trial court personally examine a defendant regarding his admission that he violated his probation”). Accordingly, I would affirm that portion of the judgment upholding the validity of the waiver.
¶ 38. I am authorized to state that Justice Skoglund joins this concurrence and dissent.