Filed 12/16/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-01776

|  |  |
|---|---|
| Garnet Transport Medicine, LLC and Ryan T. Ferris,<br>     Plaintiffs<br><br>v.<br><br>Richards Incorporated, d/b/a The Richards Group,<br>     Defendant | DECISION ON MOTION |

## RULING ON MOTION TO DISMISS COUNTERCLAIMS

This action arises out of Defendant's alleged failure to obtain Directors & Officers insurance for Plaintiffs, which Plaintiffs allege forced them to settle litigation that otherwise would have been worth millions of dollars. In May 2025, Plaintiffs Ryan Ferris and Garnet Transport Medicine, LLC (together, "Ferris") were granted permission to amend their Complaint and Defendant Richards Incorporated, d/b/a The Richards Group ("Richards"), answered the Amended Complaint in June. In its Answer, Defendant asserted two counterclaims for fraud and for breach of the implied covenant of good faith and fair dealing. Currently pending before the Court is Plaintiffs' motion to dismiss Defendant's counterclaims. Plaintiffs argue that (1) the counterclaims are "compulsory" and should have been asserted when Defendant answered the initial complaint in May 2023, as required by Rule 13(a) of the Vermont Rules of Civil Procedure; (2) Defendant failed to obtain the Court's permission as required by Rule 15(a); and (3) the counterclaims fail to state a claim and should be dismissed pursuant to Rule 12(b)(6). Plaintiffs are represented by Robert Bradley Fawley, Esq and Defendant is represented by Robin O. Cooley, Esq. For the reasons discussed below, Plaintiffs' motion to dismiss is GRANTED.

### Factual Background

For purposes of deciding the instant motion, the Court accepts the following facts alleged in Defendant's Counterclaim as true. The Court makes no finding as to their accuracy.[1]

Richards is an insurance broker agency and was asked by Ferris to find Directors' and Officers' liability ("D&O") insurance coverage for them. Countercl. ¶¶ 5-7. Ferris filled out

---

[1] *See Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514 ("On a motion to dismiss, the court must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor.").

application forms that Richards provided, and Richards submitted the completed application(s) to various companies. Richards was able to place a D&O policy for Ferris through Arc New England in October 2021. *Id*. ¶ 33. Unbeknownst to it at the time, Ferris provided Richards with false information and included false information on the application(s) for coverage with the intention that Richards would rely on the information in obtaining D&O coverage for Ferris. *Id*. ¶ 34. When Ferris later asked the D&O insurer to provide them with a defense against claims that had been filed against it in two different lawsuits, coverage was denied. *Id*. ¶¶ 44-48. In reliance on the false information Ferris had provided Richards and included in the application forms, Richards advocated for coverage by the insurers on behalf of Plaintiffs. *Id*. ¶ 50.

Discussion

"The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395, 795 A.2d 1259, 1263 (2002) (citation omitted). When considering a Rule 12(b)(6) motion, the court assumes as true the nonmoving party's factual allegations and accept all reasonable inferences that may be drawn from those facts." *Wool v. Off. of Prof'l Regulation*, 2020 VT 44, ¶ 8, 212 Vt. 305 (quotation omitted). Further, the court assumes "that all contravening assertions in [the nonmoving party's] pleadings are false." *Mahoney v. Tara*, LLC, 2011 VT 3, ¶ 7, 189 Vt. 557. Dismissal is proper if "it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). As our Supreme Court has held, "where the plaintiff does not allege a legally cognizable claim, dismissal is appropriate." *Montague*, 2019 VT 16, ¶ 11 (citation omitted).

I.      Defendant's Claim for Fraud.

In its fraud count, Richards alleges that Ferris' misrepresentations were material, intentional, deliberate, outrageous, and malicious, and that they were aimed at securing financial gain at Richards' expense and detriment. *Id*. ¶ 60. In reliance on the false representations, Richards submitted Ferris' application to prospective insurance companies and obtained the requested D&O coverage for Ferris. *Id*. ¶¶ 63-66. Richards states that it relied upon Ferris' false information and material misrepresentations to its detriment, *id*. ¶ 68, and that Ferris' "bad faith, malice and ill-intent resulted in foreseeable harm to Richards," *id*. ¶ 69. In its request for relief, Richards seeks economic damages "for its foreseeable and consequential damages, including increased business costs and harm to business reputation," and reasonable attorneys' fees and costs.

A claim of fraud has five elements: "(1) intentional misrepresentation of a material fact; (2) that was known to be false when made; (3) that was not open to the defrauded party's knowledge; (4) that the defrauded party act[ed] in reliance on that fact; and (5) is thereby harmed." *Felis v. Downs Rachlin Martin PLLC*, 2015 VT 129, ¶ 13, 200 Vt. 465 (quoting *Estate of Alden v. Dee*, 2011 VT 64, ¶ 32, 190 Vt. 401). Each element of fraud must be proven by clear and convincing evidence. *Estate of Alden*, 2011 VT 64, ¶ 32. "Failure to prove any one of the five elements defeats the fraud claim." *Felis*, 2015 VT 129, ¶ 13.

To be liable for fraud, a defendant must owe a plaintiff a duty to disclose the facts that were allegedly misrepresented. *See Estate of Alden*, 2011 VT 64, ¶ 32; *Silva v. Stevens*, 156 Vt.

2

94, 103-04, 589 A.2d 852, 857-58 (1991). In addition, the plaintiff's harm must be causally connected to the misrepresented facts. *Greene v. Stevens Gas Serv.*, 2004 VT 67, ¶ 13, 177 Vt. 90. Ferris asserts that they owed no duty to Richards. Reply at 9. Richards argues that an insured owes its agent/broker a duty to be truthful, but the cases it cites do not stand for such a proposition. *See Booska v. Hubbard Ins. Co.*, 160 Vt. 305, 309-10, 627 A.2d 333, 335 (1993) (insurance agent/broker owes insured duty to procure insurance that meets insured's needs; no mention of any duty on part of insured); *Firemen's Fund Ins. Co. v. Knutsen*, 132 Vt. 383, 392, 324 A.2d 223, 229-30 (1974) (discussing insurance company's obligation to investigate insureds' misrepresentations; no suggestion of any duty to an insurance broker); *Fenwick v. Sullivan*, 102 Vt. 28, 145 A. 258, 260 (1929) (in case involving sale of land, buyer has no duty to investigate truthfulness of seller's statement about property's value). Moreover, the fact that an insurance broker has a duty of reasonable care and diligence to its client, without any similar duty on the part of a client, is not illogical, as Richards claims. *Cf. Hill v. Grandey*, 132 Vt. 460, 468-69, 321 A.2d 28, 34 (1974) (insured is under no "obligation to respond" to insurance agent's attempts to gain facts that may be relevant to additional available coverage).[2]

Ferris also argues that Richards is unable to show that it relied on the alleged misrepresented facts and was harmed as a result because any duty Ferris owed was to the ultimate insurance agency, not to Richards, who simply procured the policy for them. Mot. to Dismiss at 13-14. Richards alleges that Ferris' "bad faith, malice and ill-intent resulted in foreseeable harm to Richards." Countercl. ¶ 69. However, Richards does not specify either the harm that was foreseeable or the harm that it allegedly suffered that is causally related to Ferris' alleged misrepresentations.[3] For example, in Richards' Answer to the Amended Complaint, it acknowledges that Plaintiff Garnet paid the invoice it sent for the D&O policy it placed and that Richards "remitted to the insurer, Scottsdale, and to the broker, ARC Excess, the *net amounts due*." Answer to Am. Compl. ¶ 39 (emphasis added). Thus, Richards was paid for the service it provided Ferris of placing the D&O policy with an insurer, and it does not contend that Ferris owes it any additional money for this service.

As Richards points out in its Opposition, in Count II of its Counterclaim it averred that it has experienced damages of "increased business costs, harm to business reputation, and attorney's fees and costs." Countercl. ¶ 76. However, even if the Court considers this allegation, Ferris fails to sufficiently allege the fraud elements of causation and harm. *See, e.g., Cheever v. Albro*, 138 Vt. 566, 570, 421 A.2d 1287, 1289 (1980) (noting that Rule 9(b)'s requirement "that

---

[2] The Court must take issue with Richards' citation to an argument made in a *brief* in an unrelated case that it erroneously identifies as a *court opinion*. *See* Opp. at 19 (incorrectly citing *Frey v. Am. Nat. Ins. Co.*, 2022 WL 22246408 (Vt. Super. Ct. Sept. 2, 2022) as a decision of the Vermont Superior Court). As our Supreme Court has recently cautioned, litigants are subject to Rule 11 sanctions for making misrepresentations to the court. *See Rivard v. Windham State Attorney*, Case No. 25-AP-305, 2025 WL 3498177, at *2 (Vt. Dec. 2025) (unpub. mem.). Here, the Court assumes Richards' citation error represents an inadvertent oversight, and that counsel will exercise increased attention and care in the future.

[3] The parties dispute whether (and when) the information at issue in the alleged misrepresentations was available to Richards, but that is not the focus of the Court's inquiry on a motion to dismiss. A Rule 12(b)(6) motion to dismiss focuses on whether a claim for relief has been stated, not whether the claim will ultimately be successful.

allegations of fraud be 'stated with particularity'" requires "that all of the elements be specifically pled"). At the very least, a claim of fraud must be pled so as to provide some explanation of the circumstances supporting all the substantive elements of the fraud claim. See 5A A. Benjamin Spencer, et al., *Fed. Prac. & Proc. Civ.* § 1297 (4th ed.) ("A pleading that simply alleges the technical elements of fraud without providing such underlying supporting details will not satisfy the rule's pleading-with-particularity requirement."). While Richards alleges that Ferris made misrepresentations "at Richards' expense and detriment" that resulted in harm to Richards, Countercl. ¶¶ 60, 69, these allegations, absent any supporting facts, are "conclusory allegations or legal conclusions masquerading as factual conclusions" that the Court is "not required to accept as true in [its Rule] 12(b)(6) analysis." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 10, 185 Vt. 1 (affirming trial court's determination that plaintiff's "conclusory allegation that she 'suffered intentional infliction of emotional distress'" as a result of defendant's actions was insufficient to sustain her IIED claim) (quotation omitted). Richards fails to state facts sufficient to show that its reliance on Ferris's alleged misrepresentations caused any increased business costs or loss to its reputation. Further, to the extent these damages claimed by Richards, including attorney's fees, are the result of this lawsuit, the causal link to Ferris' alleged misrepresentations and Richards' reliance in performing the service of placing the D&O policy with an insurer is entirely absent.

Tellingly, Richards cites no case holding that an insurance broker may recover against an insured for fraud based on alleged misrepresentations made during the coverage process where, as here, the agent was able to procure the policy the insured requested. Nor has the Court been able to find such a case. Richards' counterclaim fails to allege sufficient facts to establish the elements of a claim for fraud against Ferris. Accordingly, the Court grants Ferris' motion to dismiss Richards' fraud claim.

II.     Defendant's Claim for Breach of the Implied Duty of Good Faith and Fair Dealing.

In its counterclaim for breach of the implied duty of good faith and fair dealing, Richards alleges that its contract with Ferris for the procurement of a D&O insurance policy included an implied duty by Ferris "to perform [their] contractual obligations with care, accuracy, honesty and faithfulness." Countercl. ¶ 72. By providing Richards with false information and making material misrepresentations, Ferris failed to comply with their implied duty, "thereby breaching the contract with Richards and its implied promise to exercise good faith and fair dealing." *Id*. ¶ 74. As a direct and proximate result of Plaintiffs' breach of this covenant, Richards alleges it has suffered damages, including increased business costs, harm to business reputation, attorneys' fees, and costs. *Id*. ¶ 76.

Under Vermont law, a "covenant of good faith and fair dealing is implied in every contract." *Tanzer v. MyWebGrocer, Inc.*, 2018 VT 124, ¶ 32, 209 Vt. 244 (citing *Carmichael v. Adirondack Bottled Gas Corp. of Vt.*, 161 Vt. 200, 208, 635 A.2d 1211, 1216 (1993)). The covenant can only arise when the parties have an underlying contractual relationship, but, contrary to Ferris' argument otherwise, there need not be a breach of the underlying contract to bring a tort action based on breach of the covenant. *Id*. (citing *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 54 n.5, 179 Vt. 167). "[E]ach party to a contract makes the implied promise that each will not do anything to undermine or destroy the other's rights to receive the benefits of the

4

agreement." *Constr. Drilling, Inc. v. Eng'rs Constr., Inc.*, 2020 VT 38, ¶ 17, 212 Vt. 323 (quotation omitted). It protects the parties to a contract, ensuring that they "act with 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" *Carmichael*, 161 Vt. at 208, 635 A.2d at 1216 (quoting *Restatement (Second) of Contracts* § 205 cmt. a (1981)). "[A]n action for its breach is really no different from a tort action, because the duty of good faith is imposed by law and is not a contractual term that the parties are free to bargain in or out as they see fit." *Id.*

Richards alleges it had a contractual relationship with Ferris, as it must to assert a claim for breach of the implied covenant of good faith and fair dealing. However, as with its claim for fraud, it is a leap too far to connect Ferris' misrepresentations with Richards' alleged unspecified damages of increased business costs, harm to business reputation, and attorneys' fees and costs. *See Langlois v. Town of Proctor*, 2014 VT 130, ¶ 45, 198 Vt. 137 (noting that in order to recover damages for a tort claim, a party must "show that such damages are the direct, necessary, and probable result" of the opposing parties' actions). Here, Richards procured a D&O policy for Ferris and was compensated for this service. Richards' counterclaim fails to identify any facts or circumstances that would show how Richards was harmed as a result of the false information supplied by Ferris. In other words, Richards alleges no facts that would show that, based on Ferris' conduct, it failed to receive the benefit of their agreement. The fact that the D&O insurer refused to provide Ferris with a defense to claims Ferris made under the policy may be due to misrepresentations in Ferris' application for coverage, or it may be due to other factors, but Richards fails to connect the dots and allege how the refusal somehow implicates any duty Ferris owed to Richards, or how the insurer's refusal harmed Richards.

As discussed above, courts are not required to accept as true conclusory allegations that have no factual basis. *Colby*, 2008 VT 20, ¶ 10 (citations omitted). The Court concludes that Richards has failed to state a claim against Ferris for breach of the implied covenant of good faith and fair dealing. Accordingly, the motion to dismiss is granted pursuant to Rule 12(b)(6).

In light of the Court's dismissal of Richards' counterclaim for failure to state a claim under Rule 12(b)(6), the Court need not and does not reach Ferris' arguments based on Rules 13(a) and 15(a).

Order

For the foregoing reasons, Plaintiffs' Motion to Dismiss Defendant's Counterclaims (Mot. #16) is GRANTED.

Electronically signed on December 15, 2025 at 2:59 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

5